## Elijah Owens, jun. *against* Morehouse.

If the defendant
neglect to ap-
pear, he cannot,
afterwards, in
error on *certio-
rari*, take ad-
vantage of a *va-
riance* between
the declaration
and process.
Want of an a-
verment in a de-
claration, will,
after judgment,
be intended to
have been sup
plied by proof.

BY the return to the *certiorari* in this cause, it ap-
peared, that, on the 23d of *April*, 1804, the justice issued
a summons in behalf of *Morehouse*, in a plea of trespass
on the case, against the present plaintiff, *Elijah Owens*,
sen. and *Daniel Owens*, to appear on the 4th of *May* fol-
lowing; and that the summons was returned as served on
the 28th of *April*, by reading to each of them. On the re-
turn day, *Owens*, sen. appeared, and *Morehouse declared
against Owens, jun. in assumpsit for work and labour*, and
*Owens*, sen. pleaded thereto the general issue, and that he and
*Daniel Owens* were not in partnership with *Owens*, jun.
After hearing the proofs and allegations of the par-
ties present, the justice gave *judgment against Owens,
jun.* and held that the other two defendants were not in part-
nership with him.

This case was submitted without argument.

*Per Curiam.* The only objections worth mentioning to
this return are, that the process was joint against three, and
the declaration against the present plaintiff alone, and that
the declaration wants an averment that the work was actually
performed.

The answer to these is, that the defendant, by not appear-

ing, cannot now make any objection to the variance between the process and the declaration, and that the averment requir- ed would, after judgment be intended to have been sup- plied by the proof.