## HARDY *vs.* ROWE.

A suit in a *justice's court* must be brought in the town or next adjoining town wherein either the plaintiff or the defendant to the record resides; the fact that the *chose in action* belongs to an assignee, a non-resident of the county, but *not a party to the record* does not justify a departure from the requirement of the statute.

When the essential rights of the parties depend upon the pleadings exhibited in a *justice's court*, the court will be governed by them, notwitstanding the the latitude allowed in reference to such pleadings.

ERROR from the Oswego common pleas. Hardy sued Rowe in a justice's court, and declared against him on a justice's judgment in his favor, against the defendant. The defendant pleaded in *abatement*, that the plaintiff and himself were both residents of the town of *Oswego*, and that Oswego was not *an adjoining town* to the town of *Richland*, where the suit was brought. The plaintiff replied, that the judgment declared on had been assigned to one Brewster, a non-resident of the county of Oswego. The defendant rejoined, denying the assignment to Brewster. On the issue thus joined, the cause was tried before the justice, who rendered judgment for the plaintiff, and the defendant appealed. On the trial in the common pleas, the judgment declared on, and an assignent of the same to Brewster, were proved, and the fact that Brewster was a non-resident of the county, was also shewn; but it appeared that Hardy was an *agent* of Brewster, conducting an exchange office in Oswego, and had, throughout, directed the proceedings against the defendant, although it was shewn that Brewster had ratified the act of his agent, in employing an attorney to conduct the suit. The common pleas instructed the jury, that by the pleadings, the non-residence of Brewster was admitted, but that the *rejoinder* of the defendant ought to be considered as a mere denial that the assignment set forth in the replication took away the defendant's privilege of being sued in the town, or next adjoining town, in which he and the plaintiff, Hardy, resided. The jury under the charge of the court, found a verdict for the defendant, on which

judgment was entered, and the plaintiff having excepted to the decision of the court, sued out a writ of error.

*M. T. Reynolds*, for plaintiff in error.

*J. A. Spencer*, for defendant in error.

*By the Court*, NELSON, J. The only issue presented by the pleadings was in reference to the assignment of the judgment declared on. The assignment was proved, to the satisfaction of the court, and yet they directed a verdict for the defendant, upon the assumption that the question was one of law, the court considering the denial of the assignment by the defendant as a negation of the rule of law contended for by the plaintiff, even if the assignment was proved. In this conclusion the common pleas erred. Some regard must be had to the pleadings and to the forms of proceedings in justices' courts, when intimately connected with the rights of the parties. The only issue for the jury to try was whether or not the judgment upon which the suit was brought had been assigned to Brewster, and that issue only, if any, should have been tried by the jury, and found according to the facts. If the issue was immaterial, as I am inclined to think it was, a repleader might have been asked for by the defendant, 5 Wendell, 513; but such motion, and the orderly course of proceeding on the trial of a cause, should not have been confounded. The difference between a verdict for the defendant and a motion for a repleader, for the immateriality of the issue, after a verdict for the plaintiff, is very material, as it respects the rights of the plaintiff.

The *fifty dollar act* requires that all actions brought under it shall be brought in the *town*, or *next adjoining town*, wherein either the plaintiff or defendant resides, except when the plaintiff is a non-resident of the county. Laws of 1824, page 293, § 30. I am of opinion that the safest construction to be given to this act, is to confine the question of residence to the *parties to the record ;* for if the rights of assignees were to be regarded in this particular, it would be almost impossible to pre-

vent an evasion of the statute. The common pleas, however, having erred in their direction to the jury, under the pleadings in the cause, the judgment must be reversed.

Judgment reversed.