Tifft v. Tifft.

## TIFFT vs. TIFFT.

A father is not liable for the wilful act of his minor daughter, e. g. for setting her father's dog upon the plaintiff's hog which was thereby bitten and killed.

But the daugher is herself answerable for the injury.

Nor is the father liable as owner of the dog, without proof that he knew it was accustomed to do mischief.

If the declaration in a justice's court do not set forth a cause of action, the defendant should have judgment, though he took issue instead of demurring, and the facts were fully proved.

Accordingly, where the plaintiff declared that the defendant, *or his family*, set his dog upon the plaintiff's swine; and upon the general issue pleaded it was proved that the defendant's daughter, in his absence, set the dog upon the plaintiff's hog which was killed, and judgment was given for the plaintiff; *held* erroneous, and the judgment was reversed.

*Held also*, that the circumstance that the defendant had moved for a nonsuit upon grounds which could not be sustained, overlooking the real objection, afforded no ground for sustaining the judgment.

Defects, both of substance and form, in the pleadings in a justice's court, are overlooked, where a good cause of action is proved and the merits have been fairly tried. *Per* BRONSON, C. J.

But if any material part of the plaintiff's case is wholly unsupported by evidence, a judgment in his favor will be reversed.

ERROR to Rensselaer C. P.   Simon Tifft sued John Tifft in trespass before a justice, and declared as follows : " The plaintiff in this cause declares against the defendant in this cause in action of trespass as follows, to wit, that on or about the 3d day of August, 1843, the plaintiff in this cause was owner of a certain swine, in the town of Nassau and in said county, of great value, to wit, worth $15, and the said defendant *or his family* did then and there beat and wound and set his dog on said swine in such a cruel and unlawful manner that the said swine soon died.   Also for various other swine unlawfully beat, wounded and killed, by his, the defendant's, family and dog, in each and every day from the 26th day of September, 1837, up to this date, [26th September, 1843,] in the place above stated, for which the plaintiff brings this suit and claims $100."   The defendant pleaded the general issue.

On the trial, the plaintiff proved that his hog got into the defendant's lot ; the defendant's daughter came out with the defendant's dog, and said " Stuboy ;" the dog immediately fell upon the hog, and after chasing and worrying the hog about fifteen minutes, the hog laid down and died.   The defendant objected to proof of what his daughter said to the dog, unless the defendant was present : but the evidence was received. After proving the value of the hog, the plaintiff rested.   The defendant moved for a nonsuit " on the ground of the insufficiency of the declaration for not alleging that the dog was a malicious animal, and the defendant had knowledge of it : and that Ursula Tifft [the daughter] should be impleaded with the defendant : that the action should be case, instead of trespass."   Overruled.   The defendant then called and examined several witnesses.   There was no proof that the defendant was present, or that he directed, or had in any way approved of what his daughter did : nor was there any proof that the dog was a mischievous animal ; but on the contrary, the only witness who spoke on the subject said, he had not seen the dog commit any depredations, and that he was not a savage dog. After taking three days for consideration, the justice rendered judgment for the plaintiff for $6,04 damages, besides costs.   On

*certiorari*, the C. P. affirmed the judgment. The defendant brings error.

*J. Pierson*, for plaintiff in error.

*Kellogg & Strong*, for defendant in error.

*By the Court*, BRONSON, Ch. J.   The defendant was not answerable for the act of his daughter, done in his absence, and without his authority or approval ;(*a*) but the daughter, whether an infant or not, was answerable for her own trespass.(*b*)   Nor was the defendant answerable for the act of his dog.   There was no proof that the animal was accustomed to do any kind of mischief; and, of course, there was no proof that the defendant knew the dog had any vicious habit.(*c*)   In short, there was no foundation whatever for the action.   All this is sub stantially admitted in the elaborate and able argument which has been submitted on the part of the plaintiff.   But it is insisted, that the judgment cannot be reversed for two reasons; first, the plaintiff, on proving his declaration, was entitled to judgment, whether the declaration stated a good cause of action or not: and second, the defendant did not make the proper objection on the motion for a nonsuit; but took such objections as were calculated to mislead the justice as to the true point to be decided.

If the words " or his family" had been omitted, the declaration would have charged the defendant with a trespass.   But as it is, the declaration only alleges in the alternative, that the defendant " or his family " did the wrong ; and nothing is stated to show his liability for the acts of the family.   The pleading would have been bad on general demurrer.   And because the defendant did not demur, but pleaded the general issue, it i.

---

(*a*) *McManus* v. *Crickett*, (1 *East*, 106 ;) *Foster* v. *The Essex Bank*, (17 *Mass.* 479, 509.)

(*b*) *Campbell* v. *Stakes*, (2 *Wend.* 137 ;) *Bullock* v. *Babcock*, (3 *id.* 391.)

(*c*) *Lyke* v. *Van Leuven*, (*ante*, *p.* 127.)

said that it was enough for the plaintiff to prove his bad declaration. This doctrine cannot be supported. When the defendant in a justice's court does not demur, but goes to trial, and is fairly beaten on the merits, we are in the habit of overlooking all defects of form, and I may add, of substance too, in the pleadings. But when it appears that the plaintiff's proof, as well as his declaration, was defective in substance, a judgment in his favor cannot be upheld. Nothing is more common than to find in a justice's docket an entry like this: "Plaintiff declares on a book account: defendant pleads the general issue." Now on the doctrine contended for, it would be sufficient for the plaintiff on the trial to prove his declaration; in other words, to show that he has a book account; no matter against whom, nor whether the articles charged were ever delivered. Sometimes the entry is, "the plaintiff declares on a note;" without any description whatever of the instrument. Upon the argument urged against this defendant, the plaintiff would be entitled to judgment in such a case on proving a note made by a third person, and to which the defendant was in no way a party. There is no case which holds any such unjust doctrine. It is enough that the defects in the plaintiff's pleadings are disregarded, without making those defects a ground for rendering judgment in his favor when he has no just claim upon the defendant.

A judgment for the plaintiff will not, as a general rule, be reversed for a defect in the declaration. But the reason is, because the court will intend, where nothing appears to the contrary, that the plaintiff proved a good cause of action. (*Ely* v. *Van Beuren,* 3 *Caines,* 218; *Owens* v. *Morehouse,* 1 *John.* 276; *Bowditch* v. *Salisbury,* 9 *id.* 366.) There is no room in this case for any such intendment, for the justice states expressly that he has returned "all the evidence;" and we see no cause of action against the defendant was proved. We are referred to *Hardy* v. *Rowe,* (7 *Wend.* 452;) but that case is far enough from showing that the plaintiff is entitled to judgment because he has proved the truth of a bad declaration.

In actions before justices of the peace, if any material part

of the plaintiff's case is wholly unsupported by evidence, a judgment in his favor will be reversed on *certiorari ;* and this is so whether the trial was with or without a jury. (*Vrooman* v. *Lawyer,* 13 *John.* 339 ; *Brockway* v. *Kinney,* 2 *id.* 210 ; *Noyes* v. *Hewitt,* 18 *Wend.* 141 ; *Baldwin* v. *Delevan,* 2 *Hill,* 125. *And see Trustees of Penn Yan* v. *Thorne,* 6 *id.* 326.) If in any view of the evidence it does not make out a *prima facie* case, in all its parts, for the plaintiff, it is an error in law to render a judgment in his favor. There was no room for a mistake about the facts in this case ; and they fell far short of making out a cause of action against the defendant. There was a total defect of evidence upon some of the most material points. The justice undoubtedly decided wrong upon a point of law. He must have held that the defendant was answerable for the trespass of his daughter, or his dog, without proving any thing whatever beyond the fact that the girl or the animal did the wrong.

The defendant did not object to the sufficiency of the declaration until he moved for a nonsuit on the trial. He was then too late. Neither of the other reasons which were assigned for the motion was well founded, and the justice might therefore well deny the nonsuit. When the defendant moves for a nonsuit, or makes an objection upon specified grounds, which are untenable, he cannot afterwards complain that his motion or objection was improperly overruled for some other reason, which was not mentioned at the time. (*Dunham* v. *Simmons,* 3 *Hill,* 609.) But I do not see that the reasons which the defendant assigned for the motion were calculated to mislead the justice in relation to the final disposition of the cause, as was supposed to be the case in *Potter* v. *Deyo,* (19 *Wend.* 361,) which is relied on by the plaintiff. That case was decided on the ground that the *onus probandi* was upon the defendant ; and if the *dictum* which followed was well founded in its application to that case, it may be quite wide of the mark on the present occasion ; for the two cases are far from being alike. Here, after the defendant had failed to hit the true point on the motion for a nonsuit, he went into the defence, and examined

several witnesses. And when the testimony closed, the justice took time to make up his judgment. He evidently did not suppose that he had decided all the questions in the cause on the motion for a nonsuit.

The judgment was clearly wrong in point of law; and there is no ground upon which it can be allowed to stand.

*Judgment reversed.*