## CORBIN *a.* GEORGE.

*Supreme Court, Delaware Special Term, January*, 1856.

ANSWER.—WAIVER OF FORMAL DEFECTS IN.—UNCERTAIN AND
ALTERNATIVE PLEADING.

Where defendants served an answer containing several defences, which were separately stated but not numbered as required by Rule 86, but the answer was retained without objection by the plaintiff's attorney,—*Held* that the plaintiff waived the irregularity of not numbering the defences, by not returning the answer with notice of the objection.

Alleging that a party made one or other of several representations is alternative pleading, which was never good under any system of practice.

Where on a motion the moving party succeeds in part and is defeated in part, no costs should be allowed to either party.

Motion that defendants be required to make their answer more definite and certain.

This action was brought by the plaintiff, Eleanor Corbin, as executrix of Timothy Corbin, deceased, against John and Alfred George, to recover the amount due on a contract for the sale of real estate, made by the deceased with the defendants. The answer contained four defences. The plaintiff moved for an order requiring the defendants to make their answer definite and certain, claiming that a certain portion of the answer was so indefinite or uncertain, that the precise nature of the defence was not apparent.

The defence, to a portion of which the objection was made, was in substance that the deceased procured the defendants'

signatures to the contract by fraudulent representations as to his title to the real estate, by falsely and fraudulently alleging and pretending to the defendants that " one Peter S. Hoffman, (from and through whom said Corbin and his assigns pretended to hold and claim title, by virtue of the foreclosure of a mortgage executed thereon, by said *Peter S. Hoffman to one Ransom or Horace Woolcott) had a perpetual lease in the usual form, of the said premises, *or* a deed, *or* a contract, *or* writing for a deed, *or* lease from Freeborn Garretson, *or* Walter Cunningham, *or* the owner in fee of the land." The portion of the answer objected to is that from the asterisk to the end.

The plaintiff also asked that the above be struck out of the answer as vague, indefinite, and uncertain.

The plaintiff further moved that the entire answer be struck out as redundant, upon the ground that the defences of set-off and counter claims therein stated, are not divided off; that each defence is not separately stated, and plainly numbered; that several causes or defences are mixed and united contrary to the rules and practice of this court.

*William Yeomans, jr.,* for the motion.

*J. R. Allaben,* opposed.

BALCOM, J.—The answer contains four distinct defences to the action, and they are separately stated as required by 86 Rule of this court: but they are not numbered as they should have been according to said rule. The objection that the defences are not numbered is technical in this case, as they are separately stated, so neither the plaintiff nor the court can be embarrassed in considering them. If the plaintiff's attorney had seriously desired, that the defences should be numbered, he should have returned the answer with the objection, that the several defences therein, were not numbered according to Rule 86 of the court. The omission to return the answer with the objection to it has been held to be a waiver of such ● technical irregularity. (Sawyer *v.* Schoonmaker, 8 *How. Pr. R.,* 198; Strauss *v.* Parker, 9 *How. Pr. R.,* 342). The defendant's attorney shows by his affidavit that the plaintiff's attorney informed him, he did not care whether the defences

Gorbin *a.* George.

were numbered, or that he did not make this motion on that ground. This point was barely mentioned on the argument of the motion, and it will be regarded as waived. That branch of the motion which asks to have the entire answer stricken out must therefore be denied.

Certain allegations in the answer forming part of the second defence are objected to, as indefinite or uncertain. They are that Timothy Corbin, deceased, induced the defendants to execute the contract set out in the complaint by falsely alleging and pretending to the defendants, that " one Peter S. Hoffman, (from and through whom said Corbin and his assigns pretended to hold and claim title [to the premises described in the contract] by virtue of the foreclosure of a mortgage executed thereon by said Peter S. Hoffman to one Ransom or Horace Wolcott) had a perpetual lease in the usual form, of the said premises, *or* a deed, *or* a contract, *or* writing for a deed, *or* lease from Freeborn Garretson *or* Walter Cunningham, *or* the owner of the fee of said land." More disjunctive conjunctions are here used than the rule allows, which requires pleadings to be certain and definite. All that the allegations, which are objected to, mean, is simply that Timothy Corbin, deceased, made to the defendants, one of the several representations above mentioned; not that he made all of them. This is what may be called alternative pleading, which never was good under any system of practice, (Tift *v.* Tift, 4 *Denio*, 175; Boyce *v.* Brown, 7 *Barbour*, 80—1 *Chitty's Pl.*, 271, *Seventh Am. Edition*).

Prior to the Code in an action of covenant, where the plaintiff declared that the defendant covenanted to pay the plaintiff $250, " in manner following, to wit, $125 on the 20th of May ensuing, and $125 on the 20th of May, 1811 ;" and the breach assigned was, that " the said $125 ought to have been paid, but the said sum of $125 is yet unpaid ;" on demurrer, it was held, the breach was not well assigned, as it did not appear with sufficient certainty, which of the two sums of $125, had not been paid, (Carpenter *v.* Alexander, 9 *Johns. R.*, 291). The rule requiring certainty and precision in pleadings has been somewhat relaxed by the Code ; but certainty to a reasonable extent is still required. And " when the allegations

of a pleading are so indefinite or uncertain, that the precise nature of the charge or defence is not apparent, the court may require the pleading to be made definite and certain by amendment." (*Code*, § 160.) The allegations of the second defence in this action, before mentioned, and which are specifically pointed out, in the notice of this motion, are too uncertain and indefinite for correct pleading under the Code. If the objectionable pleading could be construed to mean that the deceased stated to the defendants, that Hoffman had a perpetual lease, and if he had not such a lease, that he had a contract, and so on through, then the allegations would not be exceptionable under the Code; but the obvious import of the allegations is that the deceased told the defendants, that Hoffman had one of such instruments affecting the title to the premises which he contracted to sell to the defendants; and that he specified which instrument he wanted the defendants should believe Hoffman had. An order must be entered that the second defence contained in the answer be struck out, unless the defendants amend their answer within twenty days after the service of a copy of the order on their attorney, so as to make the allegations in the second defence definite and certain.

The plaintiff has only succeeded in part on this motion, and for that reason he is not entitled to costs. (Whipple *v.* Williams, 4 *How. Pr. R.*, 28; Steam Navigation Co. *v.* Weed, 8 *How. Pr. R.*, 50; Penfield *v.* White, 8 *Id.*, 88; Bates *v.* Loomis, 5 *Wend.*, 78).