## Moses M. Edwards v. James Crume.

1. PARENT AND CHILD; *Trespasses by Minor.* Where a minor son who lives with his father and is under his father's control commits certain wrongful acts, but where the said acts have not been authorized by the father, are not done in his presence, have no connection with the father's business, are not ratified by the father, and from which the father receives no benefit, the father is not liable in a civil action for damages for such wrongful acts.

2. DEMURRER TO EVIDENCE; *Practice.* Where a demurrer to the evidence is interposed by the defendant in a civil action, under § 275 of the code

as amended, (laws of 1872, page 329,) and neither the petition nor the evidence shows a cause of action against the defendant, and the evidence does not tend to prove a cause of action against the defendant, the court does not err in sustaining said demurrer.

## Error from Cherokee District Court.

EDWARDS sued *Crume* to recover damages sustained by means of certain alleged wrongful acts of a minor son of defendant. The petition was as follows:

[*Caption, and Title.*] "The said Moses M. Edwards, plaintiff, complains of the said James Crume, defendant, and shows to the court, and avers that on the 30th of October 1872 he was the owner of 1,000 fruit trees being and growing upon land owned and occupied by plaintiff in the county of Cherokee, and 500 rails laid up in a fence on his said farm in said county, and three-quarters of a mile of osage-orange hedge fence, two years old, growing upon his said place: that on said 30th of October one James Crume, junior, a minor, under 21 years of age, who is the son of defendant James Crume, and resides with defendant in his family, and who is a member of defendant's family, did set on fire the prairie, being the grass growing on the prairie in said county, in the vicinity of plaintiff's place where said above-named property of plaintiff then was; and plaintiff avers that said fire so set out in the prairie aforesaid by the said James Crume, junior, minor, and son of the said James Crume, defendant, as aforesaid, did set fire to burn up and destroy and damage plaintiff's property aforesaid, and did occasion damage to the said 1,000 fruit trees growing on plaintiff's farm aforesaid, and the said 500 rails, and the said three-quarters of a mile of hedge fence on plaintiff's said farm, and that said fire totally burned up and destroyed said property of plaintiff: and plaintiff says said fruit trees were of the value of $1,000; that said rails were of the value of $15; that said three-quarters of a mile of hedge fence was worth $50 — wherefore plaintiff avers that by reason of the fire aforesaid so set out by the said James Crume, junior, minor, and son of defendant, the said property above mentioned was totally destroyed, and he has been damaged thereby to the amount of $1,065, wherefore," etc.

Answer, a general denial. Trial at the June Term 1873. Defendant demurred to plaintiff's evidence. Demurrer sustained, and judgment against plaintiff for costs. Plaintiff brings the case here on error.

*W. M. Matheny,* for plaintiff in error:

1. The court erred in sustaining the demurrer. It was not interposed at the proper time. A demurrer, which, like this, goes to the sufficiency of the facts stated in the petition, should have been filed before the answer, and determined by the court before proceeding to the trial of the action, it being in fact a demurrer to the *petition* and not to the *evidence.* The proof sustained all the allegations of plaintiff's petition.

2. The court erred in rendering judgment in favor of the defendant and against the plaintiff. The petition stated a good cause of action, and the proof introduced authorized a judgment in favor of the plaintiff.

*J. R. Hallowell,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The main question in this case is, whether a father is liable in a civil action for damages for the wrongful acts of his minor son where the son lives with the father and is under his control, but where the acts complained of were not authorized by the father, were not done in his presence, had no connection with the father's business, were not ratified by him, and from which the father received no benefit. We must answer this question in the negative. The father in such a case is not liable. (*Baker v. Holdeman,* 24 Mo., 219; *Tefft v. Tefft,* 4 Denio, 175; *Moon v. Towers,* 8 C. B., (N.S.) 611; same case, 98 Eng. Com. Law, 611; *McManus v. Crickett,* 1 East, 106.) In such a case the son alone is liable. Suppose a minor son, fifteen or twenty years of age, should steal a horse, or rob a bank, and abscond with the proceeds of his larceny, does any one suppose that the father would have to answer therefor, either civilly or criminally? The minor alone would be liable, and he would be liable both civilly and criminally.

The question in this case arose on a demurrer to the evidence interposed by the defendant under § 275 of the code as

amended, (Laws of 1872, page 329.) The demurrer was sustained, and the action dismissed at plaintiff's costs. Now neither the petition nor the evidence showed any cause of action against the defendant, who is the father of the person who, it is alleged, committed the wrongful acts. The evidence did not tend to prove any cause of action against the defendant, and hence we think the demurrer was rightfully sustained. There is nothing else in this case of sufficient importance to be considered. The judgment of the court below must be affirmed.

All the Justices concurring.