## N. Y. COMMON PLEAS.

### MAX SCHLOSSBERG agt. PHILIP LAHR.

*Negligence — Parent and child.*

A parent is not liable for the trespasses or negligence of an infant child.

*Special Term, March,* 1881.

*Samuel J. Cahn,* for plaintiff

*Frank R. Lawrence,* for defendant.

VAN BRUNT, *J.* — The complainant in this action seeks to recover damages of the defendant for the negligence of his infant child. The defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff cites as an authority to sustain the cause of action mentioned in his complaint, the case of *Patterson* agt. *Harrington* (11 *Pittsburgh Legal Journal,* 346). I have been unable to examine that case, but if it holds all that is claimed for it by the plaintiff, as it seems to be contrary to the current of decisions in this state, it cannot prevail as an authority. The case of *Tift* agt. *Tift,* (4 *Denio,* 175) is cited by the defendant as an authority to sustain his demurrer. The court held in that case the father was not liable for the willful act of his minor daughter. In the case of *Bullett* agt. *Babcock* ( 3 *Wend.* 291) it was held that infants are liable in

the same manner as adults for trespass and assault; and the facts in that case established the rule that an injury to another by the negligence of an infant, renders the infant liable to an action for damages. There is no case in the courts of this state which holds that both the infant and the parent are liable for the trespasses of a minor child, and reasoning by analogy, the case of *Tift* agt. *Tift*, above cited, is an authority to the contrary.

In *McPherson on Infants* (*page* 496), the cases in which an adult is liable for the trespasses of an infant are limited to those in which the injury is done by the infant, without malice, through the negligence of the adult.

The demurrer must be sustained.