## Marine Court.

*Trial Term—February, 1882.*

### HERMANN PHILLIPS *against* SOLOMON BARNETT.

While a parent is not liable for the tortious or negligent acts of his minor children, he is liable if he negligently leaves a loaded revolver in an unlocked bureau drawer in a room in which his minor children are allowed to play, if one of them, not knowing the danger, takes the pistol and inflicts injury upon the person or property of another. The ground of liability is the negligence of the parent.

On June 15, 1879, the plaintiff went to the residence of the defendant to give the latter's twelve-year-old son lessons in Hebrew. The defendant kept a loaded pistol in an unlocked drawer of his bureau in the room where his children were allowed to play. The pupil playfully took the pistol out of the drawer, and, not knowing the consequences, pointed it at his mentor—the plaintiff. It went off like a flash, the bullet striking the plaintiff, making a deep indentation in the flesh and doing him bodily harm.

The action was against the parent for $2,000 damages, alleged to have been suffered in consequence of the injuries.

*T. D. Robinson* and *Isaac L. Sink,* for plaintiff.

*L. Wallack* and *Albert Cardoza,* for defendant.

Phillips *v.* Barnett.

Upon the conclusion of the evidence Judge McADAM declined to dismiss the complaint, and, after reviewing the evidence, charged the jury that if, under the circumstances stated above, they found that the defendant was negligent in placing a loaded revolver in an unlocked bureau drawer within the reach of children too young to understand its danger, and that such negligence resulted in injury to the plaintiff, the defendant was liable for the consequences; that while a parent is not liable for the tortious or negligent acts of his minor children, he was liable for his own want of care where it resulted in damage to another; and that if he failed to observe the caution which an ordinarily prudent man would have exercised under similar circumstances, his negligence was established; that the ground of liability was the carelessness of the parent; and that the existence or absence of negligence was a question of fact for their determination. The jury found in favor of the plaintiff for $500 damages.

The judgment was subsequently paid.

### Liability for Torts by Infants.

The general rule is that an infant is responsible for his torts as any other person would be (*Cooley on Torts*, 183; *Sherman & R. on Neg.* § 57; Tifft *v.* Tifft, 4 *Denio*, 175; see cases collated in *Washington L. Rep.* November 20, 1886; *MacPherson on Infants*, marg. p. 481; *Tyler on Infancy*, § 123; Schlossberg *v.* Lahr, 60 *How. Pr.* 430.)

### When act of Infant Chargeable to Parent.

The possessor of a dangerous agency is bound to guard it against the acts of children who, unconscious of its injurious tendencies, may unintentionally inflict damage upon the persons or property of others.

Loaded fire-arms are dangerous weapons, and it is negligence to place them in the hands of persons incompetent to use them, or to leave them exposed where children, through curiosity or otherwise, may be likely to become possessed of them (Dixon *v.* Bell, 5 *Maule & S.* 198; *Cooley on Torts*, 441); but the action must be on the special case, because the injury is indirect, and does not happen

until some secondary agency has intervened (*Cooley on Torts*, 441). A child too young to understand the effects of exploding powder, and who injures himself therewith, may have his action against the person who sold it to him (Carter *v.* Towne, 98 *Mass.* 567). In Poland *v.* Earhart (23 *Reporter*, 111), the supreme court of Iowa *held* that an action would not lie against the seller of a fire-arm to a minor who is injured in handling it. The action was by the parent for loss of services.