## J. L. BAKER v. W. M. MORRIS.

1. MINOR, *Negligent Act of; Liability.* Where a minor son negligently and carelessly shoots and kills a mare belonging to another, the father, who had no connection with the transaction, directly or indirectly, proximately or remotely, is not liable.

2. ———— *Subsequent Promise to Pay.* And where the father afterward, without consideration and not in writing, promises to pay the value of the mare, *held,* that such promise does not render him liable.

3. ———— In such case, the son only is liable.

*Error from Greenwood District Court.*

At the May Term, 1884, plaintiff *Morris* recovered a judgment for $50 and costs against defendant *Baker,* who brings it here for review. The opinion states the facts.

*T. L. Davis,* for plaintiff in error.

*Clogston & Fuller,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question presented to this court for determination is, whether the following bill of particulars sets forth facts sufficient to constitute a cause of action. The amended bill of particulars (omitting court and title) reads as follows:

"Now comes the above plaintiff, and for cause of complaint against said defendant says, that said defendant is justly indebted to him in the sum of seventy-five dollars, as follows, to wit: That on or about the 21st day of December, 1883, one Frank Baker, a son of said defendant, and a minor, did negligently and carelessly fire and shoot off a gun in the direction of the stable of said plaintiff; that said stable contained one mare pony, the property of said plaintiff; that said shot so fired and shot off penetrated the said stable, and struck and killed said mare, said property of said plaintiff; that said mare was of the value of $75 — thereby damaging said plaintiff in the sum of $75.

"Plaintiff further says, that after said death of said mare, said plaintiff requested said defendant to pay for said mare so killed; that —————— agreed so to do, but has failed so to do; plaintiff therefore says that said defendant voluntarily and of his own free will did, immediately after the injuries and damages complained of hereinbefore, come to plaintiff, and said he would pay this plaintiff the full value of said mare so killed by his said son, thereby ratifying and confirming the said acts of his son Frank, and thereby becoming responsible to plaintiff for the damages sustained by plaintiff. Therefore, plaintiff prays judgment against said defendant for the sum of $75 and costs."

Under the authority of the case of *Edwards v. Crume*, 13 Kas. 348, the defendant below (plaintiff in error) is not liable, unless by his subsequent promise and supposed ratification he has made himself liable. In that case it is held as follows:

"Where a minor son who lives with his father and is under his father's control commits certain wrongful acts, but where the said acts have not been authorized by the father, are not done in his presence, have no connection with the father's business, are not ratified by the father, and from which the father

receives no benefit, the father is not liable in a civil action for damages for such wrongful acts."

See also Schouler on Domestic Relations, 361. The promise made by the defendant to pay the plaintiff for the mare killed is not valid. It was a collateral undertaking, made without consideration, and was not in writing, (Sec. 6, Statute of Frauds.) And there was no ratification of the defendant's son's acts, except such as resulted from the promise itself; and this in fact was no ratification at all. The defendant might have disapproved the son's acts wholly and entirely, and condemned them severely, and yet promised to pay the value of the mare killed. The defendant had nothing to do with the killing of the mare, directly or indirectly, proximately or remotely; it was not done in his name, nor in his presence, nor authorized by him, nor had it any connection with his business, nor was it any benefit to him, nor has he received any benefit therefrom, or from any transaction connected therewith, or with this case, nor has the son's liability been relinquished or released, nor has the father by mutual agreement of the parties been taken in the place of or substituted for the son. Under the circumstances, the son only is liable, and not the father.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.