## SUSAN E. SMITH *et al.* v. A. G. DAVENPORT.

MINOR SON — *Wrongful Acts* — *Liability.* A father is never liable for the wrongful acts of his minor son, unless the acts are committed with the father's consent or in connection with the father's business.

### *Error from Brown District Court.*

THE opinion states the facts. Judgment for the defendant *Davenport*, at the January term, 1886. The plaintiff *Smith* and husband bring the case here.

*W. D. Webb,* for plaintiffs in error.

*Jas. Falloon,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Brown county by Susan E. Smith, and her husband, Joseph Smith, against A. G. Davenport, for personal injuries sustained by Mrs. Smith in consequence of the acts of Albert Davenport, a minor son of the defendant, eleven years old, in riding over her with a horse. The case was tried before the court and a jury, and at the close of the plaintiffs' evidence the defendant demurred thereto upon the ground that it did not prove any cause of action, and the court sustained the demurrer and rendered judgment for costs in favor of the defendant and against the plaintiffs; and the plaintiffs, as plaintiffs in error, bring the case to this court.

The facts of the case, stated briefly, are substantially as follows: On September 18, 1885, in the afternoon, the defendant directed his son, Albert, to hunt for a colt that had strayed away from their premises. The boy procured a pony mare belonging to Mr. Cochran that was kept on the premises, and proceeded to hunt for the colt, but not finding it, he returned that same afternoon about sundown. The mare was then fed by the hired man, and in about one half-hour afterward the boy went on foot to the house of Mr. E. D. Lacroix, about

half a mile distant, to inquire concerning Lacroix's health. About the same time, a little brother of Albert's, about eight years old, named Byron, and another little boy named Johnny Nelson, who was about nine years old, rode Mr. Cochran's pony mare to Mr. Lacroix's house. Albert went to the house and made his inquiry. The other two boys with the mare remained at the gate. They then came inside of the inclosure between the house and the gate. They then got off the mare and Albert got on, and rode her upon a "lope" toward the gate, and arriving near the gate the pony changed her course and ran back, and in doing so ran against and over Mrs. Smith and injured her; and then the mare changed her course again and ran toward the gate, and getting near the gate she stopped suddenly and threw the boy off and over her head. Albert was not sent to Mr. Lacroix's house by his father. These are substantially all the material facts in the case.

We shall assume for the purposes of this case that Albert Davenport committed an actionable tort, for which he himself was liable; for infants as well as others are liable for all the injuries to either person or to property which they themselves wrongfully commit. (10 Am. & Eng. Encyc. of Law, 668.) But the question arises, Was the father, A. G. Davenport, liable for the wrongful acts of his son? This question must be answered in the negative. (*Edwards v. Crume,* 13 Kas. 348, 350, and cases there cited; *Baker v. Morris,* 33 id. 580.) A father is never liable for the wrongful acts of his minor son, unless the acts are committed with the father's consent or in connection with the father's business. In the present case, the son was not performing any act for his father. He was not directed by his father to go to Lacroix's house. It does not appear that he was even there with his father's knowledge. And what he did had no connection with his father's business.

The judgment of the court below will be affirmed.

All the Justices concurring.