(604 P.2d 79)
No. 50,434

DENNIS E. MITCHELL, a Minor, by and Through LINDA LOU MITCHELL, His Mother and Next Friend, and DENNIS EDWARD MITCHELL, and LINDA LOU MITCHELL, Individually, *Appellants*, v. JAMES WILTFONG and LINDA WILTFONG, *Appellees.*

Opinion filed December 28, 1979.

*Laurence M. Jarvis,* of Kansas City, for the appellants.

*W. Fredrick Zimmerman,* of Thompson, Duckers & Verbanic, of Kansas City, for the appellees.

Before FOTH, C.J., SPENCER and PARKS, JJ.

FOTH, C.J.: Mr. and Mrs. Dennis Mitchell brought this action on behalf of themselves and their son, Dennis, Jr., against a neighbor couple, Mr. and Mrs. James Wiltfong. All three plaintiffs claimed damages resulting from defendants' nine-year-old son. The trial court dismissed the petition under K.S.A. 60-212(*b*)(6) for failure to state a claim on which relief could be granted. Plaintiffs appeal.

The petition in the first three paragraphs stated the names, residences, and relationships of the parties. It went on:

"4. That plaintiffs' child, and other children in this neighborhood have been the subject of physical beatings, harassment and assaults by the defendants' child. That the defendants have failed, neglected and refused to control the misconduct of their child and therefore as a direct and proximate result thereof the plaintiffs have suffered injuries in the nature of intentional mental duress, worry and concern and furthermore actual physical pain and suffering their child has received from these physical assaults.

"5. Not only have the defendants failed and neglected to properly raise and control their child, but furthermore have incited him into the conduct he has exhibited for the past months and has encouraged him in such conduct.

"6. That the defendants' child, due to the misguidance and inciting of the defendants and each of them has become a public nuisance and dangerous instrumentality in the neighborhood. Attached hereto and incorporated herein by reference as if fully set out are statements of other area residents which sets out their personal knowledge concerning this misconduct and how it has damaged both them and their children.

"7. That this conduct is so bad that some people have literally sold their home and moved from the area to protect their property and children from the assault and misconduct of the defendants' child, all due to the defendants' fault.

"8. That the Police Department has been called on numerous occasions by the plaintiffs and others but due to the tender age of the defendants' child, effective police action is thwarted.

"9. The plaintiffs and each of them seek monetary relief for the injuries and suffering caused by the defendants' conduct; moreover, seek injunctive relief to protect them and their property in the future, and moreover seek, as far as it is possible for the Court to enforce, orders that the defendants and each of them seek such psychiatric and other forms of treatment as are necessary to curb and otherwise control the unlawful actions and aggressive misconduct of their child. The above relief besides such other and further orders of the Court as are just and equitable are the forms of relief sought by the plaintiffs herein."

The prayer on behalf of each plaintiff was for $2,500 in damages plus equitable relief.

The trial court's dismissal was for lack of jurisdiction to grant equitable relief, and because "[t]he negligence is not imputed to the father in the absence of specific acts by the child which resulted in specific nameable injuries and amounts." (Appellants' Br. 5.)

On appeal plaintiffs abandon any claim for injunctive or other equitable relief, conceding the trial court's lack of jurisdiction in a limited action. K.S.A. 1979 Supp. 61-1603. They insist, however, that their petition states a cause of action based on defendants' own causal negligence, and not on any theory of imputation. We agree that the petition, however inartfully drawn, states such a cause of action when liberally construed—as it must be on a 60-212(*b*)(6) motion. *Weil & Associates v. Urban Renewal Agency,* 206 Kan. 405, Syl. ¶ 2, 479 P.2d 875 (1971).

The leading Kansas case which discusses the liability of parents under a negligence theory for the torts of their minor children is *Capps v. Carpenter,* 129 Kan. 462, 283 Pac. 655 (1930). The defendant there had permitted his eight-year-old son, Joe, to have and use a BB gun. While Joe was playing with Carrol Capps, a seven-year-old playmate, Carrol's eye was injured. Carrol sued Joe's father, alleging that: (1) Joe was not only mischievous, but was also cruel, treacherous, selfish, arbitrary, domineering, and prone and inclined to impose upon, chastise, and inflict punishment on his playmates; (2) Joe's father knew or should have known Joe's disposition and habits; (3) nevertheless, the father gave Joe a dangerous agency, the gun; and (4) while playing on a lawn swing with Carrol, Joe said, "You turned my rabbit out, and I'm going to shoot your eye out," whereupon Joe shot Carrol in the right eye. The jury awarded plaintiff damages.

The Supreme Court reversed, holding:

"[T]he court improperly submitted to the jury the nature of the gun as a dangerous agency, the essence of the cause of action being *not the nature of the chattel, but whether Joe had such a malignant disposition* he would likely shoot some playmate if he had the gun, *and his father knew or from known facts should have known of the disposition."* 129 Kan. at 462, Syl. ¶ 1. Emphasis added.

In its opinion, the Court first criticized the "dangerous instrumentality" approach, saying it confused the issue in negligence cases, and then discussed the admissibility of certain evidence relating to the father's knowledge of Joe's malignant disposition. Finally, the Court summarized its prior decisions involving the liability of parents for the tortious acts of their minor children and concluded:

"These cases were all well decided, and they all illustrate nonliability of a parent for torts of his minor child. Attempts, however, to state a universal rule of nonliability, as in *Smith v. Davenport* [45 Kan. 423, 25 Pac. 851 (1891)], are likely to fail, and may confuse.

"A doting parent reluctantly consents that his beseeching minor child may drive the parent's automobile for the child's own personal pleasure, and the parent knows, or has reason to know, the child will likely undertake to drive on a city street crowded with pedestrian and vehicular traffic. Because of known lack of discretion and experience in driving, the child is unfitted to manage the automobile in such traffic, and he has an accident. It is idle to say the parent consented to the act which caused the injury. It is equally idle to say the automobile was used in the parent's business. *The parent, however, is subject to liability, not because of his relation to the automobile as owner, or because of his relation to the child as*

*parent, but because of his own negligence—because of not taking reasonable precaution against an injurious result which he could well foresee.* The same would be true if the child were a neighbor's child, or if the borrower were an adult who, as the lender knew or had reason to know, could not, for lack of experience, or because of recklessness, or intoxication, be trusted to drive the automobile. In this instance the alleged disqualification of the child was savagery." 129 Kan. at 469. Emphasis added.

The decision in *Capps* clearly indicates that parents may be liable for the tortious acts of their child, not because the child's acts are imputed to them, but because of their own negligence in failing to exercise reasonable care to control the child. That is the theory of our many cases involving the negligent entrustment of a vehicle to a known reckless or incompetent driver. See *e.g., Neilson v. Gambrel,* 214 Kan. 339, 342, 520 P.2d 1194 (1974); *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 150-1, 519 P.2d 737 (1974); *Fogo, Administratrix, v. Steele,* 180 Kan. 326, 328, 304 P.2d 451 (1956), and cases cited therein.

Other jurisdictions have recognized a cause of action against the parents of a minor child for injuries intentionally inflicted by the child where the parents know, or should have known, that injury to another was a probable consequence of failure to exercise control over the child. These cases are collected in 54 A.L.R.3d 974 (1973). The Restatement (Second) of Torts § 316 (1965) puts it this way:

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
(a) knows or has reason to know that he has the ability to control his child, and
(b) knows or should know of the necessity and opportunity for exercising such control."

Liberally construed, the petition here alleges (1) defendants' child has a vicious or malignant disposition (see first sentence of § 4); (2) defendants know or have reason to know that they have the ability to control their child (this can reasonably be inferred from §§ 4 and 5); (3) defendants know or should know of the necessity and opportunity for exercising such control (this can reasonably be inferred from §§ 4, 6, 7 and 8); and (4) defendants' breach of their duty to exercise reasonable care in controlling their child is the proximate cause of injuries received by plaintiffs' child (see § 4). It would appear that the petition pleads all the elements of a cause of action under *Capps* and the Restatement.

Both the trial court and defendants assert that mere negligence on the part of parents is not enough; there must be a specific tort or torts of their child before the parents may be liable for negligently permitting them. A fair reading of paragraph 4 meets that requirement. It refers to physical beatings of the plaintiff Dennis, Jr., at the hands of defendants' child, resulting in pain and suffering. Under the notice pleading authorized under our present codes this was specific enough. If defendants wanted dates and details, their remedy was a motion for a more definite statement under K.S.A. 60-212(e), a provision applicable to limited actions under K.S.A. 61-1708(b). (Now they could, in addition, seek to serve interrogatories under K.S.A. 1979 Supp. 61-1725a.)

The judgment is reversed and the case is remanded for further proceedings.