(217 P.3d 997)

No. 101,100

Daniel Russell, a Minor, by and Through His Next Friend, Gary Russell; Gary Russell; and Marcella Russell, *Appellants*, v. Brian Braden, a Minor, by and Through His Next Friend and Mother, Shara Farran-Flaherty; Shara Farran-Flaherty; and Larry Flaherty; *et al.*, *Defendants*, and Chris Braden, *Appellee*.

Opinion filed October 9, 2009.

*Mark B. Rockwell,* of Rockwell Law Firm, Chartered, of Lawrence, for appellants.

*Allison G. Ross* and *Jeffrey S. Nichols,* of Wallace, Saunders, Austin, Brown & Enochs, Chtd., for appellee.

Before GREENE, P.J., GREEN AND STANDRIDGE, JJ.

GREENE, J.: Daniel Russell, by and through his father Gary Russell, together with both his parents individually, appeal the district court's award of summary judgment to Chris Braden (Braden), terminating the Russells' claim for personal injury suffered when Braden's son, Brian, shot Daniel in the eye at close range with a paintball gun. Concluding there was an insufficient showing of the absence of genuine issues of material fact to support summary judgment, we reverse the district court and remand for further proceedings.

*Factual and Procedural Overview*

Chris Braden and Brian's mother, Shara Farran-Flaherty, are divorced and have joint legal custody and shared physical custody of Brian, who was 14 years old on the date of the acts giving rise to this litigation. In May 2006, Chris purchased for Brian a paintball gun. On May 10, 2006, while Brian was in the physical custody of

his mother, Brian shot Daniel in the eye at close range with the paintball gun, and Daniel suffered permanent partial loss of sight and permanent disfigurement of his left eye.

Daniel's parents filed suit alleging a host of claims for relief against a variety of defendants, including claims of negligent entrustment and negligent supervision against Farran-Flaherty. These same claims were ultimately asserted against Braden as well, and Braden was the only remaining defendant for purposes of summary judgment and this appeal. Before discovery was closed, Braden filed his motion for summary judgment, asserting that uncontroverted facts established that Brian was not in his custody at the time of the shooting, thus entitling him to judgment as a matter of law. The uncontroverted facts to support this motion were ultimately not materially contested by the Russells, but they included only the following:

"1. This is an action for personal injury. Plaintiffs claim that, on May 10, 2006, Defendant Brian Braden, a minor, shot Plaintiff Daniel Russell, a minor, in the left eye with a paintball gun.

"2. Plaintiffs claim Defendant Chris M. Braden failed to properly supervise and control minor Brian Braden's use of paintball guns.

"3. Defendant Chris M. Braden is the father of minor Defendant Brian Braden.

"4. Defendant Shara Farran-Flaherty is the mother of minor Defendant Brian Braden.

"5. Defendants Shara Farran-Flaherty and Chris M. Braden have joint legal custody of minor Defendant Brian.

"6. Defendant Shara Farran-Flaherty and Chris M. Braden have shared physical custody of minor Defendant Brian Braden.

"7. On May 10, 2006, the date of the incident which is the subject of this lawsuit, minor Defendant Brian Braden was in the physical custody of his mother, Defendant Shara Farran-Flaherty.

"8. On May 10, 2006, minor Defendant Brian Braden was not in physical custody of his father, Defendant Chris M. Braden."

The district court initially granted Braden's motion on the negligent entrustment claim but denied his motion on the negligent supervision claim, concluding in material part:

"The evidence produced by plaintiff thus far indicates that the only step taken by defendant to train Brian in the use of the gun was to go over the owner's manual with Brian. There is some evidence that Brian was careless in using the gun on a prior occasion, but there is no evidence that his father knew about the

incident. There is no evidence that the defendant communicated with Brian's mother to assure that she would provide adequate supervision of Brian when he used the paintball gun.

"The duty of a parent to control his or her child would include not intentionally giving them an instrumentality that could harm another person without adequately preparing the child to properly use that instrumentality. While a paintball gun is not a dangerous weapon, it is an object that can harm another person if it is misused. Thus, the court believes that the defendant had a duty to train Brian in the proper use of the paintball gun since he knowingly participated in buying and allowing Brian to use the gun.

"The court finds there is a disputed question of fact whether the defendant properly supervised Brian's training concerning the gun, communicated with Brian's mother concerning the degree of supervision necessary for Brian to safely use the gun, and properly made a determination that Brian was able to use the gun without adult supervision. On this issue the defendant's motion for summary judgment is denied."

Following this order, Braden filed a motion for reconsideration, arguing that foreseeability was an essential element of the plaintiffs' claim for negligent supervision and suggesting the court's findings as to foreseeability were internally inconsistent. Notably, no additional or supplemental uncontroverted statements of fact were asserted, nor was there any direct challenge suggesting that the Russells could not establish this element, except the assertion that the court had already found an absence of foreseeability for the negligent entrustment claim. The Russells responded to the motion, but they likewise did not set forth any new factual statements concerning foreseeability. The district court decided to award summary judgment to Braden on the remaining claim, concluding that the Russells had "failed to produce sufficient uncontroverted facts to support [their] contentions." The Russells appeal only the summary judgment terminating their claim of negligent supervision against Braden.

*Standards of Review*

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for

summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied." *Miller v. Westport Ins. Corp.*, 288 Kan. 27, Syl. ¶ 1, 200 P.3d 419 (2009).

Summary judgment should be granted with caution in negligence actions. See *Esquivel v. Watters*, 286 Kan. 292, 296, 183 P.3d 847 (2008). Summary judgment is proper in a negligence action, however, if the only questions presented are questions of law. *Smith v. Kansas Gas Service Co.*, 285 Kan. 33, 39, 169 P.3d 1052 (2007). If reasonable persons could arrive at only one conclusion, the court may decide the question as a matter of law. *Long v. Turk*, 265 Kan. 855, 865, 962 P.2d 1093 (1998).

*Did the District Court Err in Granting Summary Judgment Against the Russells?*

The Russells' principal argument on appeal is that Braden "failed to bring forth undisputed facts to show he was entitled to summary judgment as a matter of law." They argue that the only uncontroverted facts before the court on Braden's motion for reconsideration were those initially asserted to establish custody of Brian on the date of the shooting and that there was no factual challenge to foreseeability. We essentially agree with the Russells' argument.

Clearly, there was no factual predicate for an analysis of foreseeability, but the question is proper accountability for this absence. Here, we conclude Braden's mere mischaracterization of the court's prior rulings are inadequate to discharge his burden to challenge the lack of facts to support an element of the Russells' claim. We also conclude that a shift in theory on reconsideration of summary judgment without further Supreme Court Rule 141 (2008 Kan. Ct. R. Annot. 222) compliance to support that theory is not the better practice. For these reasons, we reverse and remand for further proceedings.

### Guiding Legal Principles and the
### Necessary Factual Predicate for Application

First, we agree with both parties and the district court that Kansas has adopted the Restatement (Second) of Torts § 316 (1964). See *McGee v. Chalfant*, 248 Kan. 434, 438, 806 P.2d 980 (1981). This Restatement § 316 sets forth the duties of a parent to control a child:

> " 'A parent is under a duty to exercise reasonable care so as to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
> (a) knows or has reason to know that he has the ability to control his child and
> (b) knows or should know of the necessity and opportunity for exercising such control.' " *Mitchell v. Wiltfong*, 4 Kan. App. 2d 231, 234, 604 P.2d 79 (1979).

In granting summary judgment against the Russells, the district court cited and relied in part on *Cullip v. Domann*, 266 Kan. 550, 972 P.2d 776 (1999), where our Supreme Court applied this Restatement provision in the context of summary judgment but characterized the elements of liability in terms of foreseeability, which is generally a question of fact for a jury:

> "Finally, foreseeability is absent in this case. It is true that foreseeability is generally a question of fact for the jury. [Citation omitted.] However, in this case there was simply no evidence that [the parents] should have known that control over [their child] was necessary. Under the uncontroverted facts, they had no idea that [the child] was going hunting on the day in question. In fact, until he arrived at the plaintiff's house, [the child] did not know the boys would be hunting. [The child] had never gone hunting before and to the [parents'] knowledge had never used a firearm before. While [father] did testify that he was not surprised that [the child] had gone hunting and it was foreseeable to him that [the child] decided to use a gun, this, by itself, does not establish that the [parents] had a duty to control [the child] on the day in question." 266 Kan. at 562.

Here, in the initial denial of summary judgment, the district court noted a lack of evidence whether the defendant properly supervised Brian's training concerning the gun and whether the defendant communicated with Brian's mother concerning the degree of supervision necessary for Brian to safely use the gun. On reconsideration, the court noted an absence of evidence on the

instruction manual for the gun, conversations that may have occurred between Braden and his son, or evidence generally concerning the dangers presented by paintball guns and how to use them safely. Finding no such evidence asserted as uncontroverted by the Russells, the court granted summary judgment against them.

We agree that such evidence of this nature was essential to the Russells' claim of negligent supervision. We also note there was no evidence of discussions between Braden and Brian's mother to convey any warnings or information gained from the instruction manual, nor evidence that mother had access to the manual, nor was there evidence as to Braden's knowledge that Brian took the gun to his mother's house and intended to use it with other boys of his age. *Frankly, there was simply no factual predicate whatsoever for a summary judgment ruling on the issue before the district court.*

### Did Braden's Reliance on the Court's Initial Memorandum Decision Adequately Challenge Foreseeability for the Remaining Claim of Negligent Supervision?

On appeal, Braden would have us hold this lack of a factual predicate against the Russells justified the summary judgment, noting that it was their burden to establish the elements of their negligent supervision claim against Braden. The problem is that Braden never suggested to the district court an *absence* of such evidence or otherwise challenged foreseeability, except to assert *on reconsideration* that the court had already terminated the negligent entrustment claim based on a lack of evidence of foreseeability. Braden argued to the district court:

"The court found that summary judgment should be granted on this second issue because there was insufficient evidence that Brian's action and/or negligence were foreseeable to defendant Chris Braden.

. . . .

"The Court has already determined, based on the briefs and oral arguments of both parties, that it was not foreseeable to defendant Chris Braden that Brian Braden would shoot Daniel Russell with his paintball gun. Foreseeability is a requirement of Restatement § 316, and the absence of **anyone** of the three requirements negates any duty by defendant Chris Braden to control and super-

vise Brian under § 316. Therefore, defendant Chris Braden is entitled to summary judgment on the claim by plaintiffs for negligent supervision."

We disagree with this characterization of the district court's initial memorandum decision. The court made no such broad findings as to foreseeability. In fact, the district court's findings on this issue were limited to the negligent entrustment claim, where the court stated:

"The plaintiff has not presented sufficient facts that defendant had knowledge that Brian's disposition was such that he should not have been entrusted with a paintball gun to overcome the motion for summary judgment on that issue."

Merely mischaracterizing a prior finding of the court rather than directly challenging the lack of such evidence was simply not adequate to require the Russells to respond with a complete litany of foreseeability evidence. Instead, it is no surprise that the Russells responded by generally denying the breadth of the court's findings and noting that "[f]oreseeability analysis on a negligent supervision theory, however, is substantially different than it is with negligent entrustment." We agree with this statement, and we recognize no challenge by Braden to a lack of evidence for the remaining claim of negligent supervision.

Foreseeability for negligent entrustment is not necessarily equivalent to the foreseeability required for negligent supervision. Even if Braden knew or believed that he could control Brian at the time that Braden entrusted the gun to him, this does not establish that he knew or should have known "of the necessity and opportunity for exercising such control" on the date of the shooting. Indeed, the requisite foreseeability for negligent supervision would require precisely the factual development that the district court found missing. But there was no obligation for the Russells to assert such facts in response to either motion because Braden had asserted only the facts concerning custody, and on reconsideration Braden merely relied on the court's prior findings on the negligent entrustment claim.

We concede that it is difficult at best to apply the Restatement provision at issue for purposes of analyzing independent claims of negligent entrustment and negligent supervision. In fact, we be-

lieve this difficulty underlies the confusion apparent both in the parties' respective summary judgment pleadings and the district court's decisions. We conclude that the elements set forth in the Restatement § 316 must be applied at the time of the entrustment for purposes of that claim, and they must be applied at the time another is harmed for purposes of a negligent supervision claim. We express no opinion whether there was a proper application to the negligent entrustment claim because it is not before us, but the complete lack of the necessary factual development for purposes of the negligent supervision claim should have precluded summary judgment where Braden's pleadings did not make the requisite challenge. We also express no opinion whether the Russells will be able to establish the requisite facts when challenged to do so.

### Obligation to Challenge an Absence of Facts Belongs to the Moving Party

It is elementary that such an affirmative challenge by Braden was essential to obligate the Russells to respond with evidence attempting to establish the foreseeability necessary to their remaining claim of negligent supervision. Our Supreme Court has recently outlined the obligations of the moving party in this context as clearly requiring a challenge to the absence of evidence.

"[T]he party moving for summary judgment [has no burden] to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead, . . . *the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case. U.S.D. No. 232 v. CWD Investments*, 288 Kan. 536, 555, 205 P.3d 1245 (2009) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 [1986]).

This key obligation of the moving party has been recognized and reiterated on numerous occasions by our appellate courts. See, *e.g., Phillips v. Carson*, 240 Kan. 462, 482, 731 P.2d 820 (1987) (moving party has burden " 'to establish as a matter of law that no fact issue stands in the way of judgment in its favor.' "). The burden of prov-

ing that no genuine issue of material fact exists is on the moving party. *Glenn v. Fleming*, 247 Kan. 296, 304, 799 P.2d 79 (1990).

On appeal, Braden urges us to hold that he was under no affirmative duty to negate elements of the Russells' case in his summary judgment motion, citing *Heinsohn v. Motley*, 13 Kan. App. 2d 66, 68, 761 P.2d 796 (1988). In *Heinsohn*, however, the parties "fully complied with all procedural requirements which govern summary judgment practice." 13 Kan. App. 2d at 67. Moreover, the quotation relied upon by Braden fails to include the following key introductory sentences:

" 'A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." K.S.A. 60-256(c). 'The burden is on the moving party to demonstrate that no genuine issue of material fact exists when the record is viewed in a light most favorable to the nonmoving party.' [Citation omitted]." 13 Kan. App. 2d at 67-68 (*quoting Crooks v. Greene*, 12 Kan. App. 2d 62, 64-65, 736 P.2d 78 [1987]).

There is no indication from the *Heinsohn* court's opinion that Motley failed to make the requisite showing that there was no genuine issue as to his duty owed Heinsohn. Granted, the moving party need not *establish* the complete absence of facts to support the nonmoving party's case, but the moving party *must* suggest that there are no such facts in order to obligate the nonmoving party to respond appropriately.

### *Braden's Shift in Theory on Reconsideration, Especially Without Further Rule 141 Compliance, Was Not the Better Practice*

Part of the difficulty with this appeal is that any suggestion to analyze foreseeability was first raised *on reconsideration*. That is to say, the original motion for summary judgment suggested that Braden was not liable solely due to his lack of custody when the incident occurred, whereas the motion for reconsideration essentially abandoned that theory and suggested the foreseeability analysis contemplated by Restatement § 316, but no factual predicate was provided for the new theory.

This shift in theory, especially where unsupported by any factual statement required by Rule 141, violates the Rule. In fact, we believe that the shift here essentially ambushed the Russells because they had already responded in full to the uncontroverted facts in the original motion, and Braden set forth no additional facts requiring response under Rule 141.

A new and independent summary judgment motion alleging in compliance with Rule 141 that there was an absence of facts to establish foreseeability under the Restatement would have triggered an obligation for the Russells to respond fully with any facts on the subject. Here, as discussed above, the motion merely relied exclusively on the previous finding of the district court that there was a lack of evidence of foreseeability required for the negligent entrustment claim. Moreover, both of the district court's memorandum decisions acknowledge the absence of key facts.

We view the motion for reconsideration as urging the award of summary judgment on an entirely new and independent ground from the original motion. In this regard, we conclude that under these circumstances, Rule 141(a) (2008 Kan. Ct. R. Annot. 222) contemplates independent compliance in the form of "separately numbered paragraphs" of "uncontroverted contentions of fact." That factual statement would and should have included assertions of fact related to the lack of evidence of foreseeability. No such statements were submitted by Braden, and the essence of Rule 141 (2008 Kan. Ct. R. Annot. 222) is that in the absence of them, "[n]o motion for summary judgment shall be heard or deemed finally submitted for decision."

## Conclusion

As conceded by the parties in oral argument, what happened is that Braden filed his original motion for summary judgment on the mistaken belief that his mere lack of physical custody at the time of the incident meant that he could not be held liable under either claim for relief. Consequently, the only facts set forth in the motion pursuant to Rule 141 were related solely to custody and did not suggest in any manner that the requisite foreseeability was challenged. The Russells complied with Rule 141 in responding to

these facts. We decline to endorse a summary termination of the Russells' remaining claim when there was never a clear challenge that the Russells could not factually support foreseeability for purposes of their negligent supervision claim. Indeed, our Supreme Court has indicated that the legislature intended that our Code of Civil Procedure is to be construed to assure a just adjudication on the merits of each action. See *Slayden v. Sixta,* 250 Kan. 23, 30, 825 P.2d 119 (1992). For these reasons, we reverse and remand for further proceedings.

Reversed and remanded.