PENNY COOPER, Plaintiff-Appellant, *v.* JAMES R. MEYER *et al.*, Defendants-Appellees.

Fifth District    No. 76-521

Opinion filed June 23, 1977.

David M. Correll, of Douglas and Correll, of Robinson, for appellant.

Edward Benecki, of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal taken by the plaintiff, Penny Cooper, from the dismissal with prejudice of count III of her amended complaint in the circuit court of Lawrence County. The dismissal was granted in response to the defendant, James R. Meyer's, motion to dismiss for failure to state a cause of action.

There is but one issue before this court at this time in this case. The plaintiff seeks the reversal of the trial court's dismissal of count III of the amended complaint. The plaintiff contends that the trial court erred in determining "that a cause of action could not be stated against a parent when the actual injury was inflicted by a minor." However, the actual holding of the trial court was "that said count III of the amended complaint does not state a cause of action under the present status of the Illinois law." We are in this appeal dealing with but count III of the amended complaint and the allegations contained therein.

The facts which brought this matter before the court are as follows.

The plaintiff went to the defendant's house to advise him that a child of hers had been struck by a "brick bat" thrown by a minor child of the defendant. The defendant was not home at the time, but Danny Meyer, an older but still minor child of the defendant, was at home and the plaintiff informed him of the incident. Danny Meyer, it is alleged, then flew into a rage and wilfully and maliciously attacked the plaintiff by striking her with his hands. She was knocked to the ground. This attack by Danny Meyer resulted in a fractured jaw to the 28-year-old plaintiff as well as other less serious injuries.

Count III of the amended complaint in substance alleges:

1. On November 4, 1975, plaintiff called at the residence of this defendant to advise him his younger son (not a party, having been dismissed out) had thrown a "brick bat" at plaintiff's child.

2. On said date, defendant was not present on said premises, but his other son, Danny Meyer (a remaining defendant), was.

3. That Danny Meyer wilfully and maliciously assaulted plaintiff at said time and place.

4. At said time and place Danny Meyer was a minor under the age of 19 years.

5. That this defendant, James R. Meyer, was negligent in that:

(a) He knew Danny Meyer had propensities to attack persons.

(b) Notwithstanding the said propensity of Danny Meyer, defendant failed to:

(1) "Warn the public at large of the potential danger to health, safety or property rights constituted by the conduct of Danny Meyer";

(2) "Failed to adequately supervise Danny Meyer"; and

(3) "Failed to restrain Danny Meyer to prevent him from intentionally attacking persons."

6. That because of the negligence charged against defendant, plaintiff was injured.

7. That plaintiff was in the exercise of due care for her own safety.

■■■ We must decide whether count III states a cause of action. Our supreme court has determined that whether or not a complaint states a cause of action is a question of law to be decided by the court. The principle was set forth in *Barnes v. Washington*, 56 Ill. 2d 22, 26, 305 N.E.2d 535, 538, where the court states:

"Whether under the facts of a case such a relationship exists between two parties as to require that a legal obligation be imposed upon one for the benefit of another is a question of law to be determined by the court."

■■ It is axiomatic that a complaint, in order to state a cause of action, must contain 3 allegations of such facts as are necessary for the plaintiff to

prove to entitle him to prevail against the defendant. *Byron v. Byron*, 391 Ill. 256, 62 N.E.2d 790; *City of Elmhurst v. Kegerreis*, 392 Ill. 195, 64 N.E.2d 450.

■■ A general rule is that parents are not liable for the torts of their children merely because of the relationship. (*White v. Seitz*, 342 Ill. 266.) An exception to the general rule is stated in section 316, Restatement (Second) of Torts (1965)[1]. We shall examine whether the plaintiff's amended complaint states a cause of action under the exception to the general rule. We shall assume for the purposes of this appeal and the motion to dismiss that the facts, as pleaded, are admitted. Thus pleaded, can count III stand?

■■ The plaintiff relies most heavily upon the case of *Ellis v. D'Angelo* (1953), 116 Cal. App. 3d 310, 253 P.2d 675. In that case, the defendant parents hired the plaintiff babysitter. It was the first time that plaintiff had been hired to babysit their four-year-old child who habitually engaged in violently attacking and throwing himself against people, knocking them down. The defendants were aware of this conduct and negligently failed to warn and inform the plaintiff who had suffered injury as a result of the child's acting in such manner. The facts are quite dissimilar to those of the case before us. In the present case, assuming the defendant knew of the minor's propensity to attack persons, there is no pleading of any opportunity to warn or alert the plaintiff. In the *Ellis* case the defendants invited or sought the presence of the plaintiff. In the present case, there is no pleading which indicated that the defendant had any knowledge that the plaintiff would visit. There is no assertion that the defendant had any prior knowledge of the possibility of a visit by the plaintiff. We also note that the defendant was not at home and thus, had no opportunity to directly control the conduct of the minor child at the time of the tort. Further, the pleadings do not state that the defendant had knowledge that there was a necessity to exercise control assuming that there had been opportunity to so control the minor child. We do not consider that either the requirements of section 316 of the Restatement (Second) of Torts or the *Ellis* case have been met by the pleadings of this case.

We have reviewed the cases from jurisdictions other than Illinois, which were cited by the plaintiff, and do not find them persuasive.

Based on the allegations as set forth in count III of the amended

---

[1] "Sec. 316. Duty of Parent to Control Conduct of Child.

A parent is under a duty to exercise reasonable care so as to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child, and
(b) knows or should know of the necessity and opportunity for exercising such control."

complaint, we affirm the trial court's dismissal for failure to state a cause of action.

Affirmed.

CARTER, P. J., and G. J. MORAN, J., concur.