NATHAN APPLEBAUM, Plaintiff-Appellant, *v.* JEWEL COMPANIES, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 78-1593

Opinion filed September 4, 1979.

Sol Applebaum, of Chicago, for appellant.

Victor J. Piekarski, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Nathan Applebaum appeals from an order dismissing his complaint for failure to state a cause of action against defendants Jewel Companies, Inc. and Jewel Tea Company, Inc. Plaintiff's suit was for injuries he received during an altercation with another customer in one of defendants' stores. On appeal, plaintiff argues that his complaint properly stated a cause of action for negligence since the operator of a business enterprise owes a duty of reasonable care to business invitees.

We affirm.

The facts are not disputed. On September 28, 1975, plaintiff was shopping at a supermarket owned by defendants. As he was pushing his shopping cart down one of the aisles, he collided with another shopper he did not see, allegedly because the over-stocked shelves at the end of the aisle obstructed his view. A scuffle ensued, during which plaintiff was struck in the eye and seriously injured.

In plaintiff's suit for negligence, he alleged that defendants failed to maintain conditions that reasonably insured the safety of its customers. In particular, he maintained that defendants (1) employed an insufficient number of employees who could maintain order among shoppers; (2) permitted aisles to become overcrowded with shoppers; (3) failed to maintain a traffic control plan within the store; (4) negligently designed the supermarket so that the conduct of shoppers could not be monitored; (5) negligently obstructed the view of shoppers at the aisle exits by overcrowding shelves; and (6) negligently obstructed the passage of shoppers and shopping carts by placing stands containing items for sale, between the aisles.

Defendants moved to dismiss the complaint for failure to state a cause of action. The motion was granted and plaintiff appeals.

On appeal, plaintiff argues that the trial court erroneously dismissed his complaint for failure to state a cause of action. He argues that defendants breached their duty of reasonable care owed to plaintiff as a business invitee and as a result, plaintiff was injured.

■■■ We disagree. In a suit for personal injuries the plaintiff must allege facts from which the law will impose a duty. (*Chimerofsky v. School Dist. No. 63* (1970), 121 Ill. App. 2d 371, 257 N.E.2d 480.) The determination whether there is a duty is a question of law to be determined by the court. *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538; *Smith v. Chicago Housing Authority* (1976), 36 Ill. App. 3d 967, 344 N.E.2d 536.

■■ ■ In plaintiff's amended complaint, he charges defendants with the "duty" to safeguard shoppers from bodily injuries inflicted by other patrons. In Illinois, the law is clear that the owners of a business have no duty to safeguard against the criminal acts of third parties, absent knowledge of previous incidents or special circumstances from which such acts could be anticipated. (*Altepeter v. Virgil State Bank* (1952), 345 Ill. App. 585, 104 N.E.2d 334; *O'Brien v. Colonial Village, Inc.* (1970), 119 Ill. App. 2d 105, 255 N.E.2d 205; *Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, 283 N.E.2d 899.) In the instant case, plaintiff's amended complaint fails to allege that defendants knew or should have known that criminal acts of third persons would occur on the premises. No history of prior assaults was alleged. The duty owed by an owner or possessor of land to a business invitee is not absolute, and under the facts presented in this case, plaintiff's complaint was properly dismissed for failure to state a cause of action.

The order of the circuit court of Cook County is affirmed.

Order affirmed.

O'CONNOR and CAMPBELL, JJ., concur.