ANASTASIA PESEK, Plaintiff-Appellant, v. ANTHONY DISCEPOLO *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—2613

Opinion filed February 4, 1985.

James F. Stack, of Chicago, for appellant.

Lanzillotti, Gribben & Marchuk, of Berwyn (Robert C. Marchuk, of counsel), for appellees.

PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Anastasia Pesek, filed a three-count complaint against Anthony Discepolo, his parents, Armino and Lydia Discepolo, and Morton Township District 201, doing business as Morton East High School. Counts II and III, directed against the parents and high school, respectively, were dismissed with prejudice by the trial court. Plaintiff appeals, contending counts II and III successfully stated causes of action against those defendants.

We affirm.

According to plaintiff's amended complaint, on May 18, 1982, she was at her home when she was raped by Anthony Discepolo. He was 15 years old and a registered student at Morton East High School. The rape occurred on a school day at 11:10 a.m. Count I is directed at Anthony Discepolo and is still pending. Count II was directed against

his parents, alleging they knew of Anthony's truancy, they knew or should have known of Anthony's association with juvenile delinquents, they knew or should have known that Anthony was engaged in criminal or quasi-criminal conduct prior to the rape, and they knew or should have known that Anthony was frequently and voluntarily under the influence of alcohol or drugs. Count II alleged that the parent's lack of supervision of Anthony was negligent and proximately caused plaintiff's injuries. Count III recited the same litany of Anthony's conduct, imputed knowledge thereof to Morton East High School, and alleged the school's lack of supervision proximately caused plaintiff's injuries.

■ Plaintiff contends count II stated a cause of action against Armino and Lydia Discepolo.

The general rule in Illinois is that a parent "is not liable for the tort of his minor child merely from the relationship ***." (*White v. Seitz* (1930), 342 Ill. 266, 269, 174 N.E.2d 371. See also Annot., 54 A.L.R.3d 974, 977 (1973).) In *Cooper v. Meyer* (1977), 50 Ill. App. 3d 69, 365 N.E.2d 201, we applied an exception to that general rule set forth in the Restatement (Second) of Torts sec. 316 (1965):

"A parent is under a duty to exercise reasonable care so as to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child, and

(b) knows or should know of the necessity and opportunity for exercising such control."

In *Cooper*, plaintiff alleged defendant's minor child threw a "brick bat" which struck plaintiff, that defendant knew of his child's "propensities to attack persons," and that defendant's failure to supervise his child proximately resulted in plaintiff's injuries. (50 Ill. App. 3d 69, 71.) We held plaintiff did not allege a cause of action under section 316 of the Restatement:

"In the present case, there is no pleading which indicated that the defendant had any knowledge that the plaintiff would visit. There is no assertion that the defendant had any prior knowledge of the possibility of a visit by the plaintiff. We also note that the defendant was not at home and thus, had no opportunity to directly control the conduct of the minor child at the time of the tort. Further, the pleadings do not state that the defendant had knowledge that there had been opportunity to so control the minor child." 50 Ill. App. 3d 69, 72.

Similarly, in *Parsons v. Smithey* (1973), 109 Ariz. 49, 504 P.2d 1272, the Arizona Supreme Court upheld the trial court's directed verdict for the parents of a minor who attacked three people with a knife. The court noted that although the parents had general knowledge of past acts of violence by their child, they could not reasonably foresee the particular type of violent acts committed by the minor. The court reasoned:

"Here, we find that all of the evidence offered by the plaintiffs, either admitted or excluded, was not sufficient to send the case to the jury on the issue of whether Mr. and Mrs. Smithey should have had knowledge of Michael's propensity to commit the type of act complained of. Under no view of the evidence is it proper to conclude that Mr. and Mrs. Smithey should have reasonably foreseen that Michael had a disposition to perform such a violent act." 109 Ariz. 49, 54, 504 P.2d 1272, 1277.

In the case at bar, plaintiff's complaint alleges the parents' knowledge of Anthony's propensities toward truancy, associating with juvenile delinquents, committing criminal or quasi-criminal acts, and being intoxicated. There is absolutely no evidence that the parents had any knowledge of any previous acts committed by Anthony. Certainly there was no allegation that the parents had any knowledge of similar acts of violence committed by Anthony (see *Parsons v. Smithey* (1973), 109 Ariz. 49, 54, 504 P.2d 1272, 1277), nor that Anthony's parents had the opportunity to control Anthony's behavior. See *Cooper v. Meyer* (1977), 50 Ill. App. 3d 69, 72.

Plaintiff relies principally on *Ellis v. D'Angelo* (1953), 116 Cal. App. 2d 310, 253 P.2d 675. We find *Ellis* distinguishable from the case at bar.

In *Ellis*, plaintiff was injured when the defendant's four-year-old child "pushed impelled and knocked [plaintiff] violently to the floor." (116 Cal. App. 2d 310, 312, 253 P.2d 675, 676.) Plaintiff's complaint specifically alleged the parents had knowledge that their minor child "habitually engaged in violently attacking and throwing himself forcibly and violently against other people, and violently shoving and knocking them." (116 Cal. App. 2d 310, 317, 253 P.2d 675, 679.) Therefore, unlike the case at bar, the plaintiff in *Ellis* alleged the parents had knowledge of previous similar acts of violence committed by their minor child. Therefore, we conclude count II of plaintiff's amended complaint does not state a cause of action against Armino and Lydia Discepolo.

■ Next, plaintiff contends count III stated a cause of action against Morton East High School. Plaintiff argues that because the

school acts *in loco parentis*, it should be liable under the same theory as Anthony's parents. (See *Mitchell v. Wiltfong* (1979), 4 Kan. App. 2d 231, 604 P.2d 79.) However, plaintiff's allegations directed at the high school are identical to those directed at Anthony's parents. Therefore, the reasoning from which we concluded the propriety of the dismissal of count II applies with equal force to the dismissal of count III. Even if we were to accept plaintiff's theory that the school should be under the same legal duty to control Anthony's behavior as Anthony's parents, the instant complaint does not state a cause of action against Morton East High School.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County dismissing counts II and III of plaintiff's amended complaint.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.