(No. 61695.—

BRIAN TETER, Appellee, v. ORVILLE CLEMENS *et al.*, Appellants.

*Opinion filed April 18, 1986.—Rehearing denied June 2, 1986.*

254

Tyler, Solomon & Hughes, P.A., of Aurora (Lloyd J. Tyler, of counsel), for appellants.

Harlan Heller, Ltd., of Naperville (H. Kent Heller and Brent D. Holmes, of counsel), for appellee.

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, Brian Teter, brought this action to recover for injuries that he sustained in a childhood accident at the home of the defendants, Orville Clemens and his wife, Betty. The circuit court of Kane County dismissed the plaintiff's amended complaint for failure to state a cause of action. The appellate court, however, held that a cause of action was stated under one of the two theories for recovery alleged by the plaintiff. (131 Ill. App. 3d 434.) We allowed the defendants' petition for leave to appeal (94 Ill. 2d R. 315(a)), which brought before us as well the plaintiff's contention that his other theory of recovery also stated a cause of action (see 87 Ill. 2d R. 318(a)).

The plaintiff commenced this action on May 16, 1983. According to the amended complaint, on June 2, 1968, the plaintiff, then five years old, was struck in his left eye by a pellet fired from a gun by the defendants' five-year-old grandson. The defendants had purchased the gun and pellets before that date, and the accident oc-

curred while the two children were playing at the defendants' home, in Aurora. As a result of the accident, the plaintiff lost all forward vision in the injured eye.

The plaintiff asserted two alternative theories of recovery in his amended complaint. Count I was based on negligent entrustment, and in count II the plaintiff alleged that the grandson's possession of the pellet gun amounted to a dangerous condition on the defendants' premises. In addition, in a third count the plaintiff sought to set aside, on grounds of mutual mistake, an earlier release of his claims against the defendants. The defendants moved to dismiss the amended complaint for failure to state a cause of action, and the trial judge granted the motion. On appeal, the appellate court held that the first count stated a cause of action but that the second count did not; a dissenting justice believed that the first count also was insufficient as a matter of law. Although the trial judge dismissed the entire action, at no stage of the proceedings have the parties contested the merits of count III of the amended complaint, involving the release of liability; the sufficiency of that count was not an issue in the appellate court and likewise is not an issue here.

This court has said, "A complaint for negligence, to be legally sufficient, must set out facts that establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374.)" (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18.) Fact pleading, as opposed to notice pleading, is required in Illinois; accordingly, a plaintiff must allege facts that are sufficient to bring his claim within the scope of a legally recognized cause of action. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308.) Only well-pleaded facts are admitted by a motion to dismiss, and the requirement that a complaint set

forth facts necessary for recovery under the theory asserted is not satisfied, in the absence of the necessary allegations, by the general policy favoring the liberal construction of pleadings (see Ill. Rev. Stat. 1983, ch. 110, pars. 2—603(c), 2—612(b)). *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426-27.

As we have said, count I of the amended complaint is based on negligent entrustment. That action "consists of entrusting a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others." (1 J. Dooley, Modern Tort Law sec. 23.01, at 613 (1982).) In support of his action here the plaintiff cites the general principle of liability found in section 308 of the Restatement (Second) of Torts (1965), which says:

> "It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

Comment *b* to that section says in part:

> "The rule stated in this Section has its most frequent application where the third person is a member of a class which is notoriously likely to misuse the thing which the actor permits him to use. Thus, it is negligent to place loaded firearms or poisons within reach of young children or feeble-minded adults."

The plaintiff would place the circumstances here within the scope marked out by section 308 and comment *b*. He argues that the defendants' grandchild, who was five years old at the time of the occurrence, lacked the maturity and training necessary for the safe use of the loaded pellet gun. Thus, in count I the plaintiff alleged that the defendants knew or should have known that their grandson, because of his young age and inex-

perience, was likely to misuse a pellet gun if he came into possession of one. That count also alleged:

" 9. That prior to June 2, 1968, the Defendant placed a loaded pellet pistol in such a place as to be accessible to the reach of the young grandchild of the Defendants.

10. That the minor grandchild of the Defendants did in fact come into possession of the Defendants' pump pistol on the Defendants' premises[,] take it into their yard[,] and discharge it in such a manner as to have the pellets strike the Plaintiff in the eye, said injury occurring as a direct and proximate result of the conduct of the Defendants as set forth above."

The plaintiff did not allege where the pistol was kept on the defendants' premises or how the defendants' grandson happened to obtain possession of it.

We do not believe that the allegations in count I are sufficient to state a cause of action for negligent entrustment. The basis for liability in a negligence action is not the mere fact of injury but that an injury has been caused by fault. Here, then, the defendants' liability would depend not on the possession of the pellet gun by their five-year-old grandson but rather on the fault by which the child's possession of the gun became possible. The plaintiff failed to allege the defendants' negligence in this regard, however. Count I of the amended complaint said that the defendants knew or should have known of the likelihood of harm in the event their grandson came into possession of the gun, but apart from the bare statement that the loaded pellet gun was kept in a place accessible to the reach of the child, the plaintiff did not allege what conduct of the defendants had made it possible for the child to obtain possession of the gun or in what way that conduct was negligent. Short of imposing strict liability for damages on the grandparents of a child who came into possession of a pellet gun on their premises and thereafter caused injury to another, count I

contained no further allegations on which the defendants' liability could be founded, and we therefore conclude that the count failed to state a cause of action.

The plaintiff asserted a different theory of recovery in count II of the amended complaint. There he alleged that the defendants knew or should have known that their grandson was in possession of the pellet pistol or should have taken precautions to prevent him from obtaining it. In count II the plaintiff also alleged:

> "10. That the possession of the pellet pistol on Defendants' premises by their minor grandson created such an unreasonable, dangerous condition as to require the Defendants to warn the Plaintiff or to take other precautions for the Plaintiff's safety."

The plaintiff alleged in that count that his injury resulted from the failure of the defendants to warn of the alleged danger or to take adequate precautions against it.

The plaintiff would derive from his allegations in count II a cause of action based on a condition existing on the defendants' premises. (See *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614; *Wagner v. Kepler* (1951), 411 Ill. 368.) The appellate court believed that the cause asserted here was the duty of the defendants, as possessors of land, to children coming onto their premises but held that the duty would pertain only to a condition of the land. This distinction is, we believe, significant. In this case, the plaintiff did not find the pellet gun and then injure himself; rather, the plaintiff was injured by his playmate, who had found the pellet gun. Thus, the circumstances alleged present more than just a condition existing on the defendants' property; the action is based on an additional element, the third party who found the pellet gun and discharged it.

The plaintiff would find additional support for his action under the principle of liability expressed in section

318 of the Restatement (Second) of Torts (1965). That section says:

"If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor

(a) knows or has reason to know that he has the ability to control the third person, and

(b) knows or should know of the necessity and opportunity for exercising such control."

It should be noted that section 318 requires that the "actor," or defendant, be present, and also it speaks of the actor's permitting the third person to use the chattel. Neither of these elements is alleged here, however. Like the first count, count II fails to allege where the pellet gun was kept on the defendants' premises or how the grandchild happened to obtain it. Count II does not even contain the bare and uninformative allegation of the first count that the pellet gun was kept in a place accessible to the reach of the grandchild. Count II alleges merely that the defendants knew or should have known that their grandson was in possession of the pellet gun or, alternatively, that they should have taken precautions to prevent his obtaining it. Assuming that the minor's possession of the gun posed an unreasonable risk of harm to others, we do not believe that the allegations of the complaint are sufficient to show a factual basis from which the duty asserted here would arise.

Apart from the merits of the first two counts, the plaintiff argues that the dismissal of his amended complaint should not have been with prejudice, and he asks that if the insufficiency of the amended complaint is upheld, the cause be remanded to the circuit court so that

he might file further pleadings. The record in this appeal contains no indication, however, that the plaintiff sought leave in the circuit court to file a second amended complaint, and proposed amended pleadings do not appear in the record. From the record before us, then, we must assume that the trial judge acted within his discretion in refusing to permit any proposed amendment. See *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 8; *Dembski v. Lynwood Development Corp.* (1961), 23 Ill. 2d 395, 397-98; *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 285.

We conclude that both counts I and II of the amended complaint failed to state a cause of action. Therefore, we reverse that part of the appellate court's judgment reversing the circuit court's judgment and affirm that part of the appellate court's judgment affirming the circuit court's judgment. The judgment of the circuit court is affirmed.

*Appellate court affirmed in*
*part and reversed in part;*
*circuit court affirmed.*