MICHAEL GARDE *et al.*, Plaintiffs-Appellants, v. AMERICAN FAMILY LIFE INSURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 4—85—0873

Opinion filed September 19, 1986.

Verticchio & Verticchio, of Gillespie, for appellant.

Rammelkamp, Bradney, Hall, Dahman & Kuster, of Jacksonville (Forrest G. Keaton, of counsel), for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On January 13, 1983, Joseph Garde, decedent, applied for life insurance with defendant, American Family Life Insurance Company (American), tendered an initial premium payment, and received a binding receipt. As a result of the physical examination, conducted at the insurer's request and the results of an electrocardiogram, American sent a letter dated February 16, 1983, to Henry Coop, its agent. The letter stated that American could not insure decedent as requested and offered to insure him at a 75% increase in premium.

Decedent died on February 25, 1983, before Coop contacted him about the changed terms. Subsequently, decedent's beneficiaries brought a declaratory judgment action. The trial court granted American's summary judgment motion finding that any coverage provided by the receipt terminated under the express language of the receipt and that decedent made material misrepresentations in his application for insurance.

Plaintiffs appeal. We affirm.

Michael Buchweitz, the underwriter who received decedent's application, stated in his affidavit that he reviewed the application on January 24, 1983, and ordered a medical examination. On January 28, 1983, he reviewed the results of the examination and referred the ap-

plication to American's medical director. On the basis of the medical director's recommendation, he dictated the February 16, 1983, letter to Coop. American offered decedent insurance but only at a 75% increase in premium. The policy requested by the decedent was not issued. The Table C rated policy application was not signed, filled in, and returned to the insurer.

Coop, in his affidavit, stated decedent came to his office and completed an application for life insurance on January 13, 1983. Later, decedent returned with a premium check. Coop correctly recorded decedent's answers and gave the completed form to him. Decedent read and initialed the form. Coop then gave him a conditional receipt and made decedent an appointment with the medical examiner. On February 22, 1983, Coop received a letter, dated February 16, 1983, from Buchweitz and a rated policy and amended application form. Coop reviewed the letter on February 24, 1983, and on February 25, 1983, called Buchweitz to determine if he could offer the decedent insurance at a lesser amount of coverage but for the same premium. Coop planned to see the decedent the next week but learned that he died on February 25, 1983. Coop never presented the insurer's offer to the decedent nor did the decedent sign the amended application.

Initially, plaintiffs argue that the trial court erred in granting summary judgment based upon the language of the conditional receipt. Plaintiffs argue that a policy was issued and at minimum the language of the receipt was ambiguous. Therefore, the receipt should be interpreted in favor of insurability. American argues the terms of the receipt are not ambiguous and no coverage was in effect.

The conditional receipt states:

"CONDITIONAL RECEIPT—VOID IF ALTERED OR MODIFIED

\*\*\* *This payment is made and accepted on the following terms, and shall cause insurance to take effect only under the exact conditions stated in this Receipt.*

*If insurance does not take effect under the exact conditions stated in this Receipt, this payment will be returned.* \*\*\*

CONDITIONS UNDER WHICH THIS PAYMENT SHALL CAUSE INSURANCE TO TAKE EFFECT

CONDITIONS WHICH MUST PRECEDE COVERAGE:

1) IF the Proposed Insured is in good health, and upon the date(s) of receipt by the Company of the application and any further information regarding insurability required by the Company, *is determined* by the Company at its Home Office according to its rules and practices, *to be insurable on such date(s) at*

*standard rates for coverage exactly as applied for*; and

2) IF payment in cash made on the date of the application is not less than the first full premium for the policy and mode of premium applied for,

*THEN insurance under the policy requested in the application shall take effect on the latest day of*: the application; of the dates of all medical examinations required by the Company; or of such other date as may have been requested in the application. \*\*\*

*Coverage under any insurance not issued exactly as applied for, or life insurance and accidental death benefits in excess of the maximum limits stated herein, shall take effect only upon acceptance of it by the Applicant and payment of the first full premium for it during the lifetime and good health of the Proposed Insured.* NO AGENT OF THE COMPANY HAS THE AUTHORITY: to issue this Receipt or to collect any premium payment under the application (and no coverage takes effect hereunder) if either of Questions 23d., or 23j. is either answered "YES" or the answer left blank. \*\*\*

A. The Applicant declares that in all respects the statements made in the application with respect to the Proposed Insured are full, complete and true as of the date of this Receipt to the best of his or her knowledge and belief. *The Applicant further declares that he or she has received a copy of this Receipt, and has read and understood it."* (Emphasis added.)

■■ The meaning and effect of an unambiguous, written instrument is a question of law for the court. (*Fields v. Franklin Life Insurance Co.* (1983), 115 Ill. App. 3d 954, 451 N.E.2d 930.) The conditional receipt in question here is of the "insurability" variety (*Hildebrand v. Franklin Life Insurance Co.* (1983), 118 Ill. App. 3d 861, 455 N.E.2d 553) because it purports to provide insurance coverage from the application date if the company later determines that the proposed insured was a standard risk at the time of the application. (118 Ill. App. 3d 861, 455 N.E.2d 553.) The receipt in the instant case states the coverage shall relate back to the relevant date if the company determines that the applicant is insurable "at [the] standard rates for coverage exactly as applied for." The receipt also notes that "[c]overage under any insurance not issued exactly as applied for \*\*\* shall take effect only upon acceptance by the Applicant and payment of the first full premium for it during the lifetime and good health of the Proposed Insured."

Plaintiffs argue that this language is ambiguous because American

determined that it would insure decedent exactly as he requested but at a higher premium rate. This interpretation flies in the face of the plain terms contained within the conditional receipt. We note that in this case the insurer rated the policy and increased the premium amount by 75%. This was a significant change in the terms of the application which decedent made.

■ Although a receipt is not a policy, principles concerning insurance policies are applicable. (*Goetze v. Franklin Life Insurance Co.* (1975), 26 Ill. App. 3d 104, 324 N.E.2d 437.) In construing insurance policies, the primary purpose of the court is to effectuate the intention of the parties as expressed in the contract. If the words of the policy can reasonably be given their plain, ordinary, and popular meaning, the provisions should be applied as written and the parties should be bound to the agreement they made. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 495, 475 N.E.2d 872, 876; *Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 170-71, 319 N.E.2d 491, 495.) However, ambiguities through which the insurer seeks to limit his liability are interpreted in favor of the proposed insured. *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247.

■ Among the factors which may create an ambiguity is the language of the conditional receipt. The insurer must phrase the receipt in language sufficiently clear for a layman to understand. (*Goetze v. Franklin Life Insurance Co.* (1975), 26 Ill. App. 3d 104, 324 N.E.2d 437.) When this is done, an application and receipt which make coverage dependent upon either approval of the application or insurability under the company's underwriting rules will be upheld. Unless the conditions precedent to coverage are fulfilled, no interim coverage takes effect. *Hildebrand v. Franklin Life Insurance Co.* (1983), 118 Ill. App. 3d 861, 455 N.E.2d 553; *Wallace v. Prudential Insurance Co. of America* (1973), 12 Ill. App. 3d 623, 627-28, 299 N.E.2d 344, 347; *Scheinman v. Phoenix Mutual Life Insurance Co.* (7th Cir. 1969), 409 F.2d 999; see generally *Fields v. Franklin Life Insurance Co.* (1983), 115 Ill. App. 3d 954, 451 N.E.2d 930.

■ Here, American rejected the application which decedent made and essentially made a counteroffer. The counteroffer indicated that the insurer would insure decedent at the amount of coverage he requested but only at a 75% increase in premium. The application was not accepted exactly as applied for. Under the express terms of the receipt, decedent had to agree to the change in terms prior to any coverage becoming effective. By the terms of the receipt, no coverage was in effect when decedent died prior to acting upon the counterof-

fer. The language of the receipt was not ambiguous, and the trial court did not err in granting American's motion for summary judgment. *Goetze v. Franklin Life Insurance Co.* (1975), 26 Ill. App. 3d 104, 324 N.E.2d 437.

Because of our determination that the trial court properly granted summary judgment on the above issue, we need not discuss plaintiff's argument that the misrepresentations as to medical condition and other insurance were not material. However, we note that the misrepresentations were identical to those made in *Garde v. Country Life Insurance Co.* (1986), 147 Ill. App. 3d 1023, and the factual circumstances in the two causes are similar. Such misrepresentations are material as a matter of law.

For the above reasons, we affirm the trial court.

Affirmed.

WEBBER and MORTHLAND, JJ., concur.