JACOB CAMPBELL, by his Next Friend and Mother, Marie Donnellan, Plaintiff-Appellant, v. WILLIAM W. HAIGES et al., Defendants-Appellees.

Second District   No. 2—86—0358

Opinion filed February 5, 1987.

Thomas W. Gooch III and Kim A. Lewis, both of Thomas W. Gooch & Associates, Ltd., of Wauconda, for appellant.

Fraterrigo, Best & Beranek, of Wheaton, and John P. Callahan, P.C., of

Geneva, for appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, Jacob Campbell, appeals the order of the circuit court of McHenry County granting summary judgment as to count I of his complaint in favor of defendants William and Diane Haiges, and dismissing count II as to defendants Mr. and Mrs. Michael Gibbs.

Plaintiff, a minor child suing by his mother, Marie Donnellan, filed his complaint on April 19, 1985. The complaint was subsequently amended several times, with the final version being filed February 24, 1986. The trial court granted the Haiges' motion for summary judgment and the Gibbs' motion to dismiss with prejudice on March 25, 1986, and plaintiff appeals. The complaint alleges in relevant part that on May 22, 1981, plaintiff was severely injured while playing on property owned by the Gibbses when he was attacked and mauled by the Haiges' child, along with the Gibbs' child. The complaint further alleges that the child had been entrusted to the care of the Gibbses, who had been operating an unlicensed baby-sitting service in their home.

As to the Haiges, the complaint alleges that they were negligent in one or more of the following ways:

"a. Failed to exercise reasonable care so as to control their minor child from so conducting itself as to create an unreasonable risk of bodily harm to others.

b. Neglected to control and supervise minor children of tender years, playing on property owned or controlled by them.

c. Neglected to supervise and control their own children of tender years.

d. Allowed and encouraged their children to play unsupervised and uncontrolled.

e. Allowed and encouraged others in general to engage in uncontrolled and unsupervised play.

f. Neglected to prevent their children from attacking and injuring Plaintiff and failed to come to the aid of Plaintiff when he was being attacked.

g. Knowing of minor child's special education problems and tendency for extreme violence, failed to take measures to protect the health and lives of other children.

h. Knowing of minor child's special education problems and tendency for extreme violence, allowed said child to be cared for by an individual or individuals who are not trained or licensed to care for children, including children with special edu-

cation problems.

i. Knowing of minor child's special education problems and tendency for extreme violence, Defendants failed to seek or obtain care for their child in a controlled, supervised and regulated environment."

The complaint then alleges that the Haiges knew or had reason to know that they had the ability to control their child and that they knew or should have known of the necessity and opportunity to exercise this control.

On appeal, the plaintiff argues that his complaint states a cause of action against the Haiges under the principles of parental liability set forth in section 316 of the Restatement of Torts (Restatement (Second) of Torts sec. 316 (1965)), as well as under "traditional duty analysis," or under the theory of negligent performances of a voluntary undertaking. We cannot agree.

A party is entitled to entry of summary judgment in his favor when the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) In reviewing the trial court's entry of summary judgment, the function of the reviewing court is to determine whether the trial court correctly ruled that no genuine issue of material fact has been raised, and if none was raised, whether the court correctly entered judgment for the moving party as a matter of law. (*Comtrade, Inc. v. First National Bank* (1986), 146 Ill. App. 3d 1069, 1072-73, 497 N.E.2d 527.) Even where a complaint or answer purports to raise issues of fact, if the issues are not further supported by affidavits, depositions, or admissions, summary judgment may be appropriate, and if the movant supplies facts which, if uncontradicted, would entitle him to judgment as a matter of law, the opponent cannot rely upon his own complaint or answer to raise genuine issues of material fact. (*Garde v. Country Life Insurance Co.* (1986), 147 Ill. App. 3d 1023, 1029, 498 N.E.2d 292.) In the present case, the defendants included with their motion for summary judgment their affidavit, which stated that both parents had been at work at the time of the alleged incident and the child had been left with Mrs. Gibbs, who had been their son's baby-sitter on prior occasions.

The general rule in Illinois is that the parents are not liable for the torts of their minor child merely because of the parent-child relationship. (*White v. Seitz* (1930), 342 Ill. 266, 271, 174 N.E. 371; *Wintercorn v. Rybicki* (1979), 78 Ill. App. 3d 179, 182, 397 N.E.2d 485.) Courts of this State have, however, adopted an exception to the general rule as espoused by section 316 of the Restatement (Restate-

ment (Second) of Torts sec. 316 (1965)). The requirements for establishing liability under this section are that the parent knows or has reason to know that he has the ability to control his child and knows or should know of the necessity and opportunity for exercising such control. (*Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 199, 478 N.E.2d 603.) In the present case, the simplest answer to plaintiff's complaint is that the Haiges did not have the ability to control their child because they were both at work at the time of the alleged attack. (See *Cooper v. Meyer* (1977), 50 Ill. App. 3d 69, 72, 365 N.E.2d 201.) This fact is established by the Haiges' affidavit attached to their motion for summary judgment and is not contradicted by the allegations of the complaint. Therefore, no issue of material fact exists regarding this matter.

Plaintiff argues, however, that since the Haiges were aware of their son's learning disabilities "and tendency for extreme violence," they had the duty to protect third parties by placing the child in the care of someone who is specially trained to deal with such problems and could protect the public from the child's violent attacks. The problem with this argument is that the complaint does not allege any facts which show that the Haiges were on notice that their child might commit such a violent act.

■ In order to hold the parent liable for the child's acts, a complaint must allege specific instances of prior conduct sufficient to put the parents on notice that the act complained of was likely to occur. In *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 478 N.E.2d 603, a policeman was injured in an automobile accident while responding to a burglar alarm at a bank. The alarm was a false one, having been triggered by the three-year-old son of a bank patron. This court held that the complaint stated a cause of action against the child's mother since she had been told that the child had triggered the alarm on a previous occasion. (133 Ill. App. 3d 184, 200, 478 N.E.2d 603.) Thus, she had not only the ability to control the child since he was with her, but should have recognized the necessity for doing so, since she had knowledge of a previous occurrence of precisely the act in question. Conversely, in *Cooper v. Meyer* (1977), 50 Ill. App. 3d 69, 365 N.E.2d 201, plaintiff called at defendants' home and was attacked by their minor child. The complaint did not state a cause of action, however, in part because it did not allege that defendant had knowledge that the plaintiff would visit. There was further no pleading that the defendant had knowledge that there was a necessity to exercise control. 50 Ill. App. 3d 69, 72, 365 N.E.2d 201.

In *Pesek v. Discepolo* (1985), 130 Ill. App. 3d 785, 475 N.E.2d 3,

defendant's son assaulted and raped plaintiff. Although defendants had knowledge of their son's "propensities toward truancy, association with juvenile delinquents, committing criminal or quasi-criminal acts, and being intoxicated," there was no evidence of any prior acts of violence committed by their son which would have put the parents on notice that he was likely to commit such a violent and brutal act. 130 Ill. App. 3d 785, 787, 475 N.E.2d 3.

In the instant case, there are no allegations of specific instances of prior conduct by the Haiges' son which would give rise to a duty on their part to protect others from his violent actions. The complaint contains only the bare, conclusional allegation that the Haiges knew of the "minor child's special education problems and tendency for extreme violence."

Fact, rather than notice, pleading is required in Illinois, and a complaint for negligence must set out facts which establish a duty owed by defendant to plaintiff, breach of that duty, and an injury proximately resulting from the breach. (*Teter v. Clemens* (1986), 112 Ill. 2d 252, 256, 492 N.E.2d 1340.) A plaintiff must allege facts sufficient to bring his claim within the scope of some recognized cause of action. (112 Ill. 2d 252, 256, 492 N.E.2d 1340.) A complaint must, therefore, allege facts, not mere conclusions. Although pleadings are to be liberally construed, this rule does not relieve a plaintiff of the duty to include substantial factual allegations in his complaint. (*Gray v. City of Plano* (1986), 141 Ill. App. 3d 575, 578, 490 N.E.2d 1020.) No such substantial factual allegations appear in the complaint in this case.

Plaintiff further argues that one who voluntarily undertakes to protect a class of persons has the duty to do so nonnegligently. (*Cross v. Wells Fargo Alarm Services* (1980), 82 Ill. 2d 313, 319-20, 412 N.E.2d 472.) It is obvious, however, that the Haiges' act of hiring a baby-sitter was for the purpose of watching their son while the parents were at work, not for the purpose of protecting third persons from the son's violent attacks. Thus, plaintiff was not among the class of persons whom the Haiges intended to benefit by hiring Mrs. Gibbs as a babysitter.

The conclusional allegations by plaintiff's complaint are not sufficient to raise an issue as to any material fact which would establish a duty by the Haiges to protect plaintiff from their son's conduct. Therefore, summary judgment was properly granted in favor of the Haiges on count I of plaintiff's complaint.

Turning to count II, directed at the Gibbses, the analysis is much the same. Pursuant to the Gibbs' motion, the trial court dis-

missed count II for failure to state a cause of action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) In reviewing an order allowing a motion to dismiss, all well-pleaded facts within the complaint must be taken as true, along with all reasonable inferences which can be fairly drawn from these facts. (*Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 190, 478 N.E.2d 603.) The only issue on review is whether the complaint states a cause of action. 133 Ill. App. 3d 184, 190-91, 478 N.E.2d 603.

Count II of the complaint alleges that the Gibbses, "knowing of [the] minor child's special education problems and tendency for extreme violence," were negligent in allowing the child to play unsupervised with other children and in failing to take steps to protect others from the child's violent conduct.

On appeal, plaintiff also argues several theories in support of this count. Plaintiff first argues that the Gibbses were agents of the Haiges and that the duty imposed by section 316 (Restatement (Second) of Torts sec. 316 (1965)) applies to them as well. This argument fails for the same reasons that it fails against the Haiges. The complaint does not allege that the Gibbses were present when the attack occurred. In fact, the essence of count II is that defendants allowed the child to play unsupervised. Further, count II also does not allege any facts in support of the conclusion that the Gibbses knew of the child's violent tendencies. Thus, neither of the section 316 requirements is met as to the Gibbses. See *Pesek v. Discepolo* (1985), 130 Ill. App. 3d 785, 787-88, 475 N.E.2d 3.

Plaintiff also argues that it was negligent for the Gibbses to allow the children to play unsupervised. It has been held, however, that it would place an unreasonable burden on parents—or other adults—to supervise constantly children at play or guard against any possible injury which could be caused by their activity. (*Keller v. Mols* (1984), 129 Ill. App. 3d 208, 211, 472 N.E.2d 161; see also *McGinty v. Nissen* (1984), 127 Ill. App. 3d 618, 621, 469 N.E.2d 445.) In the absence of specific facts showing a special need for caution, the Gibbses were under no general obligation to supervise the children's play at all times.

Finally, plaintiff argues, in effect, that defendants had a duty to protect third parties from the child's intentional conduct, which they knew was likely to occur. Once again, however, the lack of specific factual allegations in the complaint is fatal. In certain circumstances, the law may impose a duty on a defendant to guard a plaintiff against the intentional conduct of a third person. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 558-59, 328 N.E.2d 538.) The imposition of such a duty requires the pleading of specific facts which show that

defendant had notice that the specific act complained of was likely to occur. (*Taylor v. Hocker* (1981), 101 Ill. App. 3d 639, 642, 428 N.E.2d 662; *Applebaum v. Jewel Cos.* (1979), 76 Ill. App. 3d 346, 348, 395 N.E.2d 57; see also Svalina, *Pleading a Duty to Protect Persons from Criminal Attack in Illinois*, 73 Ill. B.J. 668, 669 (1985).) Allegations of prior instances of dissimilar crimes are insufficient. (*Taylor v. Hocker* (1981), 101 Ill. App. 3d 639, 641-42, 428 N.E.2d 662.) In the instant case, the complaint does not allege that the young Haiges had previously attacked anyone. It merely states that the Gibbses knew of the boy's "special education problems and tendency for extreme violence." It does not allege any specific instances of prior conduct on which this conclusion is based.

Since the complaint fails to allege any specific prior conduct by the minor which would give rise to a duty on the part of either defendant couple to guard third parties from his violent conduct, the court was correct in granting both defendants' motions. Therefore, its order is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.