SHAY SMITH, a Minor by Laura Smith, his Mother and Next Best Friend, Plaintiff-Appellant, v. ANNA GEORGE *et al.*, Defendants-Appellees.

Third District   No. 3—88—0311

Opinion filed February 10, 1989.

Joseph C. Polito, of Kozlowski, Polito & Feeley, of Joliet (Mary E. Rosiek, of counsel), for appellant.

E. Kent Ayers, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet (Neil T. Goltermann, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

Shay Smith, by his mother Laura Smith, appeals from summary judgment entered in favor of defendants Anna George and Matthew George in a suit for personal injuries incurred when Shay was burned while pouring gasoline on a leaf fire.

The facts of this case are not in dispute. On April 8, 1986, Matthew George invited Shay to play at his home after school. Both boys were in second grade, and they lived five or six blocks apart. Anna George, mother of Matthew, was at home working in the kitchen. After shooting baskets for a while in the driveway, the boys surreptitiously obtained some matches and a cigarette lighter from the George home and then gathered some leaves and grass, which they set on fire behind a board fence situated on the property line at the rear of the yard.

The boys then went into the unlocked garage, poured some gasoline from a 2½-gallon container into a coffee can, carried it back to the fire, and poured the gasoline on the fire to make it blaze up again. The boys made three or four trips for gasoline, each time climbing the fence one at a time and handing the coffee can of gasoline over the fence. Matthew poured the gasoline each time until the last time. When Shay poured the gasoline, an explosion followed which set fire

to his hat and jacket and burned his face and hand.

Plaintiff filed a two-count complaint. One count charged Anna George with failure to properly supervise and control her son Matthew so as to prevent him from harming plaintiff and for negligently permitting matches and gasoline to be within reach of her minor son. The second count alleged Matthew's negligent conduct in failing to exercise reasonable care for the protection of plaintiff from exposure to an unreasonable risk of harm.

First, plaintiff contends that the trial court erred in finding as a matter of law that defendants had no duty to plaintiff to protect him against injury from the fire set on defendants' land. We consider it significant that the fire was not on defendants' land, but rather was on the other side of a boundary fence about four feet high which in part blocked the view of anyone in the defendants' house or yard from the area where the fire was set. It is also significant that plaintiff assisted in starting the fire, in obtaining the gasoline, and in causing the explosion that burned him.

The law of Illinois is clear that fire is one of the obvious dangers which a child old enough to be allowed at large can be expected to understand and appreciate. (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177; *Sampson v. Zimmerman* (1986), 151 Ill. App. 3d 396, 502 N.E.2d 846.) According to these cases, a child of the age and understanding of eight-year-old Shay Smith is not owed a duty by defendants to remedy or prevent a fire which is a preexisting dangerous condition on their land. We hold that here, where there was no "preexisting dangerous condition," but rather a fire started in part by plaintiff, and where the fire was not on defendants' land but outside the boundaries of their land, and where plaintiff admittedly understood the dangers of fire and the flammability of gasoline, and where plaintiff was of sufficient age and maturity to be allowed at large, no duty was owed by defendants to plaintiff to protect him from the obvious risk which he encountered.

A second issue raised by plaintiff is whether the complaint stated a cause of action under section 316 of Restatement (Second) of Torts, which provides:

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child, and

(b) knows or should know of the necessity and opportunity

for exercising such control." Restatement (Second) of Torts §316, at 123-24 (1965).

Plaintiff points out that Anna George, mother of Matthew, was at home on the day of the accident, that she knew the boys were playing outdoors, and that she knew they had come into the house one or two times. Plaintiff then argues that the pleadings and depositions in the record present an issue of fact as to whether Anna George knew or should have known that her son had a propensity to set fires and, therefore, that there was a necessity that she control him in this instance.

A careful review of the depositions indicate that one neighbor recalled seeing Matthew near a trash fire and another neighbor remembered that Matthew once possessed a lighter and had ignited some oil from a spray can. Neither neighbor told Anna George of these incidents. Also, Shay Smith's deposition indicates that Matthew told him he had set lots of fires and that once he had burned his thumb. However, the deposition of Anna George is uncontradicted that she had no knowledge that Matthew had ever started a fire or played with matches or been burned or smelled of smoke or smelled of gasoline. Statements that other people had some knowledge that Matthew was interested in fires do not establish any knowledge on the part of the mother.

In order to establish parental liability for a child's acts, the complaint must allege specific instances of prior conduct sufficient to put a parent on notice that the act complained of was likely to occur. (*Campbell v. Haiges* (1987), 152 Ill. App. 3d 246, 504 N.E.2d 200.) The absence of knowledge of prior conduct in the case at bar is sufficient to distinguish this case from *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 478 N.E.2d 603, where a three-year-old child pushed an alarm button in a bank one week after the mother had been warned that he had activated the silent alarm previously and that she must keep him away from the button, which was behind a desk. In *Duncan* knowledge was clearly set forth, and the reviewing court found that a cause of action had been alleged. Such is not true here. We conclude that there was no issue of fact as to Anna George's knowledge of Matthew's propensity, if any, to set fires.

Furthermore, under the law of Illinois, adults are not negligent by simply allowing children to play unsupervised, and it has been held that it would place an unreasonable burden on parents to supervise constantly children at play or to guard against any possible injury which could be caused by their activity. *Campbell v. Haiges* (1987), 152 Ill. App. 3d 246, 504 N.E.2d 200.

Plaintiff's final contention is that the complaint stated a cause of action under a theory of negligent entrustment as set out in sections 308 and 318 of the Restatement (Second) of Torts (1965). The theory of liability under those sections is that the mother permitted Matthew to use gasoline and matches and that she knew or should have known that he was likely to misuse those dangerous objects in a manner so as to create an unreasonable risk of harm to plaintiff.

The undisputed facts of this case make plain that Anna George had no knowledge that Matthew had obtained matches and a lighter from the house, that he had obtained gasoline from the garage, and that he had started a fire. Furthermore, the complaint does not even allege that Anna had knowledge. Where the allegations of the complaint are insufficient to show a factual basis from which the duty to control Matthew would arise, there is no cause of action under sections 308 or 318 of the Restatement (Second) of Torts (1965). *Teter v. Clemens* (1986), 112 Ill. 2d 252, 492 N.E.2d 1340.

For the reasons stated, we hold that the circuit court of Will County did not err in granting defendant's motion for summary judgment.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.