SOPHIE DENNISON, as Mother and Next Friend of Wesley Dennison, a Minor, Plaintiff-Appellant and Cross-Appellee, v. PERRY PRIOR, Defendant (Annette Dennison, Defendant-Appellee and Cross-Appellant).

Fourth District   No. 4—93—0276

Argued September 20, 1993.—Opinion filed November 15, 1993.

Charles H. Delano IV (argued), of Delano Law Offices, P.C., of Spring-field, for appellant.

Gregory Collins (argued), of Stratton, Dobbs & Nardulli, of Springfield, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On October 5, 1992, plaintiff brought suit in the circuit court of Sangamon County seeking recovery for injuries sustained when her son Wesley Dennison fell from the hood of defendant Perry Prior's car. Also named as a defendant was the plaintiff's sister, Annette Dennison (Annette). The complaint alleged that Annette was negligent in her supervision of Wesley and that she negligently entrusted temporary care of Wesley to Prior. Defendant Annette filed a motion for a summary judgment. After a hearing, the court entered summary judgment for defendant on March 2, 1993. Plaintiff has appealed. Annette has cross-appealed from the circuit court's earlier determina-

tion that a settlement between Prior and plaintiff was in good faith and certain rulings concerning costs. We affirm.

Summary judgment should only be granted if the pleadings, depositions, admissions on file, and any affidavits show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992).) Summary judgment is proper "if what is contained in the pleadings[, depositions,] and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury." *Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500.

The circuit court based its judgment on a determination that all of the evidence presented failed to show that when Annette allowed Wesley to go with Prior, she could reasonably foresee that Prior would be negligent in the temporary care he gave to Wesley. Whether the determination be analyzed upon a theory that Annette was not negligent in placing Wesley in the temporary care of Prior or one that she had no duty to protect him from the injury he received, we agree with the circuit court.

At the time of the occurrence giving rise to Wesley's injuries, he was 10 years old and his brother Stephen was eight years old. A few days before that they were in Philadelphia, Pennsylvania, with plaintiff. She let them return to Illinois with her sister Josephine while she remained in Pennsylvania for a short period of time. Plaintiff anticipated that Josephine, her daughter Tammy, or plaintiff's sister Annette would watch the children upon their return to Illinois. However, she gave them no instructions concerning the care of the children.

On June 9, 1992, while plaintiff was still in Philadelphia, Annette was watching the children at her home, which was approximately one-quarter of a mile from a fishing pond. She did not allow her children to go to the pond without adult supervision.

While the children were staying with Annette, codefendant Perry Prior (Prior) arrived at the house. Prior was 30 years old and was married to Annette's stepdaughter. Prior arrived at the house at approximately 2 p.m., with two of his sons, Brandon Lee (age five) and Cody (age six). Prior also had one of his son's friends with him. When they arrived, Prior asked Annette if he could fish at the pond. Annette gave Prior her permission.

At this time, Annette's daughter Heather (age 11) asked if the children (Heather, Crystal (a friend of Heather's), Stephen, and

Wesley), could go down to the pond. Earlier in the day, Annette had told Heather that she could not go to the pond because an adult was not present. Since Prior was going down to the pond, Annette allowed the children to go down to the pond to look at it.

After receiving permission from Annette, Prior proceeded to drive to the pond. At approximately the same time, the children began walking toward the pond.

After proceeding down the road a short distance, the children asked if they could ride in Prior's car. Prior indicated that the car was full, but it would be all right for the children to ride on the hood of the car. When the children were on the hood of the car, Wesley was sitting on the passenger side in front of Heather. Prior could not see how Wesley fell from the hood because Heather blocked his view. Prior did see Heather turn around, and he "sensed" something was wrong. Prior stopped the car and found that Wesley had fallen off the hood, was pinned underneath the car, and was injured.

During Annette's deposition plaintiff's attorney asked if she was surprised that Prior had allowed the kids on the hood of the car. Annette initially indicated that she did not know. When asked a short time later if she was surprised he did it, Annette responded that she did not think she was surprised.

■ Attached to plaintiff's response to Annette's motion for summary judgment was an affidavit of Shirley McArthur, a social worker. In this affidavit, McArthur stated that upon her review of the depositions of Annette and Heather Dennison, and Perry and Angie Prior, it was her opinion that "even [the] minimum standards of child care which would guarantee safety were totally absent in this case." We recognize the great latitude given a circuit court's determination of whether expert testimony may be admitted concerning a certain subject matter. (*Stanley v. Board of Education* (1973), 9 Ill. App. 3d 963, 293 N.E.2d 417.) Expert testimony, however, is not admissible on matters of common knowledge unless the subject matter is difficult to comprehend or explain. (*Thacker v. U N R Industries, Inc.* (1992), 151 Ill. 2d 343, 603 N.E.2d 449.) However, the level of supervision which is reasonable for a volunteer family member to give is a subject of common knowledge. We conclude this affidavit does nothing to support plaintiff's case as it failed as a matter of law to be admissible.

Neither party disputes that Annette owed the plaintiff a duty to supervise Wesley. The dispute is over the scope of the duty. Annette argues that the duty only arises when there are specific facts showing a need for caution. Plaintiff asserts that the proper duty in cases such as this is reasonable care, as set out in *Castro v. Chicago Park Dis-*

*trict* (1988), 178 Ill. App. 3d 348, 533 N.E.2d 504. In *Castro*, the plaintiff was struck with a baseball that was hit through a gap in the fence. The plaintiff was involved in a baseball game as part of little league baseball. The plaintiff filed suit against the park district, which owned the baseball field. The park district then sought contribution from the president of the league and the manager of the team. The third-party complaint alleged, among other things, that there was negligent supervision of Castro.

In the contribution action, the court found that those who have been entrusted with the care and control of children, while not insurers of their safety, must exercise reasonable care. This conclusion was quoted from *Crohn v. Congregation B'Nai Zion* (1974), 22 Ill. App. 3d 625, 630, 317 N.E.2d 637, 641.

*Crohn* involved a child who was struck with a bat which was swung by another child at a day camp which both were attending. The court applied the rule set forth above, that those entrusted with the safety of children must use reasonable care to protect them from danger.

In support of her position, Annette cites *Campbell v. Haiges* (1987), 152 Ill. App. 3d 246, 504 N.E.2d 200, and *Smith v. George* (1989), 178 Ill. App. 3d 1087, 534 N.E.2d 224. Both of these cases set out the rule that, in the absence of specific facts showing a special need for caution, those in charge of children are under no general obligation to supervise the child's play at all times. *Campbell*, 152 Ill. App. 3d at 252, 504 N.E.2d at 204.

The cases cited by defendant involve fact patterns that are different from that which is present here. The cases cited by Annette involve an injured person who has brought suit against a caretaker of a child for injuries caused by, not to, the child. It would appear that this level of care would not apply in this case, because the injured party is the child attempting to hold a caretaker liable for the caretaker's acts, not the acts of those in the caretaker's care.

The instant case differs somewhat from the cited cases to the extent that they concern the care owed by a commercial entity to children under their supervision rather than that owed by volunteers supervising children in their own family. Nevertheless, the general rule indicated is that even a family member is required to use care that is reasonable under the circumstances in supervising children. If we apply that standard here, the question would be whether Annette exercised reasonable care in permitting Wesley to go with Prior to the pond. Logically this would depend upon whether Annette had reason to believe Prior was likely to be careless in supervising Wesley. We

hold that the evidence showed, as a matter of law, that Annette was not negligent in that respect, because Prior's carelessness was not reasonably foreseeable. Before we explain our reasons for this conclusion, we discuss the question of foreseeability from another perspective.

■ When determining whether a person has a duty to protect another from a particular hazard, the question of whether such a duty exists depends upon (1) the relationship of the parties, (2) the foreseeability that the conduct of the one to be charged with the duty will result in injury to the other, and (3) the burden of placing the duty on the party charged, and (4) the consequences of imposing this burden. (*Manning v. Hazekamp* (1991), 211 Ill. App. 3d 119, 123-24, 569 N.E.2d 1168, 1171.) Whether a duty exists is entirely a decision for the court to make. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226.) The test for foreseeability is not easily stated. Clearly the fact that the injury could conceivably occur does not constitute foreseeability. Some greater expectation is required. *American National Bank & Trust Co. v. National Advertising Co.* (1992), 149 Ill. 2d 14, 29, 594 N.E.2d 313, 320.

In arguing the question of whether Prior's negligence in his supervision of Wesley was foreseeable plaintiff relies heavily upon the statements Annette made in her deposition when asked if she was surprised that Prior allowed the children on the hood of the car. Annette initially replied that she did not know. When asked a short time later if she was surprised he did it, she replied that she did not think she was surprised. The plaintiff asserts that this shows the accident was foreseeable. However, the evidence has only slight probative value as the fact that a person is sufficiently philosophical as not to be surprised by tragedy does not indicate a very high degree of foreseeability.

Plaintiff also relies upon a contention that Wesley's parents had not allowed Prior to care for Wesley prior to the accident. However, no evidence indicated that Wesley's parents had ever refused to allow Prior to do so, and the record indicates that Prior was never in a position to do so. Evidence did indicate Prior sometimes drank intoxicants, and he had marital problems, but no evidence was presented that he had been drinking at the time, that he had ever been careless in regard to children, or that Annette had reason to believe he would be. At the time in question, Prior had children of his own and, on the day of the accident, he was accompanied by them and a neighbor child.

■ Accordingly, whether we view the question of the foreseeability to Annette that Prior would be negligent in the care of Wesley from the viewpoint of Annette's duty or the viewpoint of the care she actually exercised, the likelihood that Prior would be negligent was sufficiently remote to preclude support of Annette's liability. Since Annette has not pursued the issues of the cross-appeal with either argument or citation of authority, those issues are waived. (134 Ill. 2d Rules 341(f), (e)(7).) The question of whether the settlement was in good faith is significant to Annette only if the summary judgment is set aside.

We affirm the circuit court as to all rulings raised in the appeal and cross-appeal.

Affirmed.

STEIGMANN, P.J., and LUND, J., concur.