BETTY S. NICHOLAS, Adm'r of the Estate of Shane Nicholas, Deceased, *et al.*, Plaintiffs-Appellants, v. ALLIANCE COMMUNICATIONS *et al.*, Defendants-Appellees.

Fourth District   No. 4—89—0972

Opinion filed June 29, 1990.

Smith, Waters, Kuehn & Hughes, Ltd., of Peoria (Steven P. Glancy, of counsel), for appellants.

Frederic L. Kenney, of Decatur, for appellee Stuart Toft.

JUSTICE LUND delivered the opinion of the court:

This is an appeal from the order of the circuit court of Vermilion County, dismissing counts III and XXVII of the amended complaints of Betty S. Nicholas, administrator of the estate of Shane Nicholas, deceased; Joseph Nicholas; and Gloria Ice, plaintiffs. Stuart Toft, one of the defendants, had requested such relief, based upon section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615).

Plaintiffs' decedent was killed when hit by one of Toft's vehicles, which was being driven by codefendant Gary P. Brown. Counts III and XXVII describe Brown's alleged negligence and attempt to state a cause of action against Toft, based upon a negligent entrustment theory.

The relevant allegation in count III is paragraph seven, which states:

> "7. That said vehicle was entrusted to Gary P. Brown, for use as Mr. Brown saw fit, by Defendant personally and through his agents and employees."

The relevant allegation in count XXVII is paragraph six, which states:

> "6. That said vehicle was entrusted to Gary P. Brown, for use as Mr. Brown saw fit, by Defendant personally or through his agents or employees."

The counts do not allege Toft knowingly placed the vehicle with Brown, nor do they allege facts establishing Toft had knowledge of Brown's recklessness or incompetence.

The appellants' brief and the appellees' brief establish that one of Toft's employees provided one of Toft's automobiles to Brown.

■■ The theory of negligent entrustment is described in *Teter v.*

*Clemens* (1986), 112 Ill. 2d 252, 257, 492 N.E.2d 1340, 1342. It refers to " 'entrusting a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others.' " (*Teter*, 112 Ill. 2d at 257, 492 N.E.2d at 1342, quoting 1 J. Dooley, Modern Tort Law §23.01, at 613 (1982).) Negligent entrustment should not be mistaken for liability of a principal for the negligence of an agent acting within the scope of employment, which is commonly referred to as the doctrine of *respondeat superior*. (*Hogan v. City of Chicago* (1943), 319 Ill. App. 531, 540, 49 N.E.2d 861, 865; 4 Ill. L. & Prac. *Automobiles and Motor Vehicles* §213 (1971); 3 Am. Jur. 2d *Agency* §280 (1986).) The *Teter* opinion also discussed Illinois' insistence on fact pleading, and indicates the insufficiency of the allegations in count III, paragraph 7, and count XXVII, paragraph 6. *Teter*, 112 Ill. 2d at 256, 492 N.E.2d at 1342.

Plaintiffs do not argue their position is based upon agency. They basically contend that when an agent, or employee, places a principal's vehicle (a dangerous article) in the possession of one he knows, or should have known, is likely to use it in a manner involving an unreasonable risk of harm to others, the principal should be responsible under the negligent entrustment theory. They basically contend that it is not necessary to include allegations of the conduct being within the scope of employment, as is required in *respondeat superior* cases. The pleadings in counts III and XXVII do not include allegations relating to the action being within the scope of employment.

■■ To sustain their position that within the scope is not necessary to recover against Toft, plaintiffs cite Restatement (Second) of Torts §390, at 314 (1965), which provides:

> "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

The plaintiffs' pleading fails to satisfy the dictates of this provision. The section states the supplier must have knowledge, or reason to know. Plaintiffs' pleadings do not contain facts sufficient to establish that Toft knew or had reason to know of the dangers, nor is there sufficient allegation of fact to establish that the employee was acting within the scope of his employment. In the present case, both knowledge of the danger and the existence of the employee acting within

330

the scope of his employment would be necessary to stretch the negligent entrustment liability to Toft. See *Milner v. Nelson* (1950), 340 Ill. App. 21, 91 N.E.2d 111.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.