JUSTICE TRIEWEILER
dissenting.
I dissent from the opinion of the majority.
Section 27-1-701, MCA, provides that every person is responsible for injury to others caused by his or her failure to exercise ordinary care. The majority casually dismisses this statutory responsibility by claiming that it only applies to each individual’s own conduct. However, when a parent fails to exercise ordinary care in the supervision of his or her child, it is, in fact, the parent’s conduct with which the law is concerned.
I would adopt the proposed rule of law set forth in Restatement (Second) of Torts Section 316 (1965). That rule provides:
Aparent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent:
(a) Knows or has reason to know that he has the ability to control his child, and
(b) Knows or should know the necessity and opportunity for exercising such control.
I would, as has been done in other jurisdictions, limit the application of parental liability under Section 316 to those situations where *121 the parent was aware of the particular dangerous propensity which caused the harm complained of. See Pesek v. Discepolo (Ill. App. 1st Dist. 1985), 475 N.E.2d 3.
As it often does when it finds it convenient, the majority points out that the Legislature has not found it necessary to expand our previous rule of nonliability for parents who fail to exercise reasonable supervision over their children. However, this is a poor excuse for this Court’s failure to recognize the obligation imposed on all people under Section 27-1-701, MCA, and this Court’s responsibility to develop the common law in a manner that both effectuates that obvious public policy, and that is not inconsistent with any other legislative act. See Sections 1-1-108 and -109, MCA. The majority has shown no reluctance to develop common law responsibilities in the absence of legislative action where they are consistent with the majoritys notion of good public policy. See Maguire v. State (Mont. 1992), 254 Mont. 178, 835 P.2d 755, 764, 49 St. Rep. 688, 694 (Trieweiler dissenting), (citing Pence v. Fox (1991), 248 Mont. 521, 813 P.2d 429; Story v. City of Bozeman (1990), 242 Mont. 436, 791 P.2d 767; Brandenburger v. Toyota (1973), 162 Mont. 506, 513 P.2d 268; Kornec v. Mike Horse Mining Co. (1947), 120 Mont. 1, 180 P.2d 252).
Furthermore, since there was no Montana precedent in effect at the time this case was decided by the District Court, I would reverse the District Court judgment dismissing the plaintiff’s complaint and remand this case for further discovery so that each party has a fair opportunity to develop those facts necessary to pursue or defend a claim based upon the aforementioned rule of liability.
For these reasons, I dissent from the majority opinion.
JUSTICE HUNT concurs in the foregoing dissent of JUSTICE TRIEWEILER.